Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XI

| | | |
|---|---|---|
| MARINA C. PUELLO PIÑA<br>Peticionaria<br><br>v.<br><br>BADILLO SAATCHI & SAATCHI<br>Recurrido | KLCE202300518<br><br>consolidado<br><br>KLCE202300583 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. SJ2022CV00604<br><br>Sobre: Despido Injustificado (Ley Núm. 80), Discrimen por razón de sexo y género en lugar de trabajo (Ley Núm. 69), Discrimen (Ley Núm. 100), Procedimiento Sumario bajo Ley Núm. 2 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de mayo de 2023.

La señora Marina C. Puello Piña (señora Puello Piña o peticionaria), acude ante nosotros mediante la presentación de sendos recursos de *certiorari*, KLCE202300518 y KLCE202300583, los cuales hemos decidido consolidar, por cuanto versan sobre determinaciones hechas en un mismo caso.[1] En el primero de dichos recursos, la peticionaria solicita la revocación de una *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 20 de abril de 2023.[2] En el contexto de un pleito laboral, instado bajo el procedimiento sumario provisto por

---

[1] La Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos habilita para ordenar la consolidación de recursos, *motu proprio*.
[2] Notificada el 21 de abril de 2023.

la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, conocida como Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961), el foro primario sancionó a la peticionaria por el reiterado incumplimiento de sus órdenes.

En el segundo recurso de *certiorari,* la peticionaria impugna otra *Resolución* del TPI emitida el 8 de mayo de 2023.[3] En esta ocasión el foro primario declaró NO HA LUGAR una moción de la peticionaria solicitando *Orden Protectora* relacionada al descubrimiento de prueba.

Evaluadas ambas controversias alzadas por la peticionaria, juzgamos que no acontecen las premisas excepcionales que nos habilitarían para intervenir en asuntos interlocutorios que acontezcan en el proceso sumario bajo el cual se está tramitando este pleito, por lo que corresponde desestimar.

## I.  Resumen del tracto procesal

Limitándonos a exponer sólo los asuntos procesales pertinentes, el 30 de enero de 2022, la peticionaria presentó *Querella* al amparo de la Ley Núm. 2-1961, supra, Ley Núm. 80 de 30 de mayo de 1976, Ley Sobre Despidos Injustificados, según enmendada, 29 LPRA sec. 185a *et seq.* (Ley Núm. 80)*;* Ley Núm. 69 de 6 de julio de 1985, Ley para Garantizar la Igualdad de Derecho al Empleo, 29 LPRA sec. 1321 *et seq.* (Ley Núm. 69); y Ley Núm. 100 del 30 de junio de 1959, Ley Contra el Discrimen en el Empleo, según enmendada, 29 LPRA sec. 146a *et seq.* (Ley Núm. 100). En esencia, esta adujo que desde 1998 fue empleada de Badillo Saatchi & Saatchi (Badillo o recurrido), hasta el 30 de septiembre de 2021, cuando renunció. Aseveró que su renuncia era atribuible a un despido constructivo. En específico, alegó que el recurrido le fue quitando responsabilidades, creándole inseguridad de empleo y ansiedad por sentirse desplazada, lo que se convirtió en depresión, por lo cual tuvo

---

[3] Notificada el 10 de mayo de 2023.

que recibir tratamiento psicológico. Además, señaló que fue desplazada de sus funciones para otorgárselas a otro empleado del sexo masculino y de menor edad, lo que catalogó como discrimen. Por lo anterior, solicitó que se le otorgaran las partidas en concepto de angustias mentales, salarios dejados de percibir y daños sufridos a causa del discrimen.

En respuesta, el 20 de marzo de 2022, Badillo presentó su *Contestación a Querella.* En síntesis, alegó que la peticionaria renunció a su posición de forma libre y voluntaria. Asimismo, sostuvo que la señora Puello Piña no sufrió daño alguno por razones atribuibles a Badillo. Finalmente, manifestó que la peticionaria en su *Querella* no alegó hechos constitutivos que establecieran que el recurrido discriminó en su contra.

Superados varios trámites procesales, el 30 de agosto de 2022, se celebró mediante videoconferencia la *Conferencia Inicial.* Al ser discutidos en dicha vista asuntos relativos al descubrimiento de prueba, surge de la *Minuta,* que, con relación a unos expedientes médicos solicitados por Badillo, se dispuso que las partes tenían que reunirse para hacer una lista de los médicos que la señora Puello Piña había visitado, las razones por las cuales los visitó y los medicamentos que tomaba. [4]

Varios meses después, el 8 de noviembre de 2022, el recurrido presentó *Moción en solicitud de orden para que se produzcan los documentos solicitados y se acuerde una fecha para la toma de deposición de la querellante.*[5] Informó que la peticionaria no había producido los documentos solicitados. Por esta razón, le solicitó al TPI que ordenara a la peticionaria descubrir la documentación que se le había ordenado, con el propósito de calendarizar la deposición de la señora Puello Piña.

A raíz de lo cual, el foro primario le ordenó al recurrido acreditar el cumplimiento con la Regla 34.1 de las de Procedimiento Civil, (32 LPRA Ap. V, R. 34.1).

---

[4] Anejo 2 del apéndice del recurso, pág. 2.
[5] Identificado como entrada número 31 en SUMAC.

En cumplimiento, el 18 de noviembre de 2022, el recurrido presentó una moción enumerando las fechas en las que le cursó comunicación a la peticionaria sin obtener respuesta.[6] Allí explicó sobre una serie de situaciones, presuntamente atribuidas a la peticionaria, que imposibilitaron el descubrimiento de prueba.

Visto lo anterior, el 30 de noviembre de 2022, el TPI le concedió 10 días a la peticionaria para expresarse.

Eventualmente, el 16 de diciembre de 2022, Badillo presentó *Moción en solicitud se desestime la reclamación de la parte querellante por obstaculizar el descubrimiento de prueba e incumplimiento con la orden del honorable tribunal.* Indicó que la peticionaria no había producido los documentos solicitados, obstaculizando el descubrimiento de prueba. Asimismo, manifestó que la señora Puello Piña tampoco había cumplido con la Orden del foro recurrido para que se expresara sobre la Orden del TPI del 30 de noviembre de 2022. A raíz de lo anterior, requirió la desestimación de la *Querella* por: (a) reiterada dejadez en cumplir con el descubrimiento; (b) ignorar las comunicaciones; y (c) incumplir con la Orden del tribunal.

Por lo cual, el 20 de diciembre de 2022,[7] el foro recurrido emitió otra *Orden,* concediéndole 20 días a la peticionaria para expresarse.

Así las cosas, el 10 de enero de 2023, el recurrido presentó nuevamente una moción solicitando desestimación.[8] Afirmó que el tiempo concedido por el foro primario había vencido y la peticionaria no se había expresado.

En respuesta, el 11 de enero de 2023, la peticionaria compareció mediante *Moción en oposición a solicitudes de desestimación.* En lo pertinente, adujo que la toma de deposición fue dejada sin efecto por el

---

[6] Identificado como entrada número 33 en SUMAC.
[7] Notificada el 21 de diciembre de 2022.
[8] Identificado como entrada número 37 en SUMAC.

recurrido sin justificación. Añadió que, el perito del recurrido tiene su expediente de tratamiento médico, y que ya había informado la disponibilidad para ser examinada.

En consecuencia, Badillo presentó *Réplica a Oposición a Solicitudes de Desestimación.* Argumentó que la deposición había sido suspendida debido a que no se habían entregado todos los documentos solicitados, especialmente los relacionados a las alegaciones de daños económicos y angustias mentales. Adujo que el perito necesita dicha información antes de examinar a la peticionaria para así poder emitir su informe. Por último, reiteró la solicitud para que se desestimara la *Querella* o en su alternativa, se ordenara cumplir con el descubrimiento de prueba, se impusieran sanciones y honorarios de abogados.

Posteriormente, el 21 de febrero de 2023, se celebró una *Vista sobre el Estado de los Procedimientos.*[9] Según consta en la *Minuta,* el TPI indicó que en el caso se estaban reclamando daños, por lo cual, el recurrido tenía derecho a descubrir prueba sobre ello. A tales efectos, el foro primario le concedió a la peticionaria 5 días para presentar las objeciones a la producción de documentos en cumplimiento con las reglas.

Luego, el 28 de febrero de 2023, Badillo presentó *Solicitud para que se ordene a producir los documentos solicitados.* En resumen, sostuvo que la peticionaria se había rehusado a proveer la documentación médica solicitada, sin proveer razón alguna, obstaculizando el descubrimiento de prueba de forma irrazonable e infundada.

El 6 de marzo de 2023, el TPI emitió *Orden* concediéndole 10 días a la señora Puello Piña para expresarse, so pena de sanciones.

Conforme lo ordenado, el 16 de marzo de 2023, la peticionaria presentó *Moción en oposición a solicitud de parte querellada.* Esgrimió

---

[9] Identificado como entrada número 47 en SUMAC.

haber presentado los expedientes relacionados a la controversia del caso. Esgrimió que cualquier otro expediente médico o solicitud de medicamentos que hubiese tomado no era pertinente a este caso.

En atención a lo cual, el 24 de marzo de 2023, el TPI emitió *Orden* en la que dispuso que la peticionaria, en un término de 10 días, debía cumplir con lo solicitado por el recurrido, so pena de sanciones.

El 10 de abril de 2023, el recurrido presentó *Solicitud para que se impongan sanciones y se desestime la reclamación de daños.* En vista de lo que calificó como incumplimiento de la peticionaria con la orden del TPI de producir los documentos, solicitó que se impusieran sanciones y se desestimara la causa de acción.

Al próximo día, la peticionaria presentó *Moción en oposición a Moción solicitando sanciones, desestimación y solicitud de regrabación de vista.* Indicó que estaba dentro del término de 30 días para recurrir de la determinación del TPI, por lo que era prematura la solicitud y debía declararse no ha lugar.

El 12 de abril de 2023, el recurrido presentó *Réplica a Moción en Oposición a "Moción solicitando sanciones, desestimación y solicitud de regrabación de vista".* **Arguyó que el pleito estaba presentado bajo la Ley 2-1961, de modo que estaba imposibilitada de recurrir de resoluciones u órdenes interlocutorias**.

Cónsono con lo anterior, el 20 de abril de 2023,[10] el TPI emitió *Orden* imponiéndole sanción económica a la peticionaria de $250.00 por el reiterado incumplimiento con las Órdenes del Tribunal. Además, le concedió 10 días para consignar las sanciones y para producir lo previamente ordenado del descubrimiento de prueba. Por último, se le apercibió que un próximo incumplimiento conllevaría la desestimación del pleito.

---

[10] Notificada el 21 de abril de 2023.

Posteriormente, el 1 de mayo de 2023, la señora Puello Piña presentó *Moción en Cumplimiento de Orden y Solicitud de Orden Protectora.* Alegó que el descubrimiento de prueba solicitado por el recurrido era opresivo y excesivo de acuerdo con la Regla 23.2 de Procedimiento Civil, (32 LPRA Ap. V, R. 23.2), al requerir documentos que la peticionaria no posee o que no utilizará en el juicio para probar sus alegaciones.

En reacción, el 5 de mayo de 2023, Badillo presentó *Oposición a Moción en Cumplimiento de orden y Solicitud de Orden Protectora.* Arguyó que las alegaciones de la peticionaria eran justificaciones para incumplir con el descubrimiento y las órdenes del tribunal. Añadió que el asunto ya había sido resuelto por el TPI. Para concluir, solicitó la desestimación de la causa de acción ante el nuevo incumplimiento de la peticionaria.

Sobre lo anterior, el 8 de mayo de 2023,[11] el TPI emitió *Resolución* declarando NO HA LUGAR la solicitud de orden protectora.

Inconforme, la señora Puello Piña acude ante nosotros planteando los siguientes señalamientos de error:

**KLCE202300518**

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL SANCIONAR A LA PARTE QUERELLANTE.

**KLCE202300583**

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO CONCEDER LA ORDEN PROTECTORA.

No nos resulta necesaria la comparecencia del recurrido, de modo que nos encontramos en posición de atender el asunto.

**II. Exposición de Derecho**

**Procedimiento Sumario bajo la Ley Núm. 2-1961**

La Ley Núm. 2-1961, *supra,* provee un mecanismo sumario para la rápida consideración y adjudicación de las querellas de obreros y

---

[11] Notificada el 10 de mayo de 2023.

empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales. *Patino Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928 (2008). Es norma establecida que tales reclamaciones, "ameritan ser resueltas con celeridad de forma tal que se pueda implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido los medios económicos para su subsistencia mientras consigue un nuevo empleo". *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Aguayo Pomales v. R & G Mortg.,* 169 DPR 36, 43 (2006). Así, se ha dispuesto que **el carácter sumario de este tipo de reclamación "constituye la médula de esta ley"**. *Bacardí Corp. v. Torres Aguayo,* 202 DPR 1014, 1019 (2019); *Ruiz Camilo v. Trafon Group, Inc.,* supra. (Énfasis provisto).

Con el fin de continuar promoviendo el carácter sumario de este estatuto, la Asamblea Legislativa aprobó la Ley Núm. 133-2014, donde manifestó su intención de **"extender el carácter sumario de la ley a la etapa apelativa para cumplir con el propósito rector de la misma, de proveer al obrero un remedio rápido y eficaz"**. (Énfasis provisto). Exposición de Motivos de la Ley Núm. 133-2014. Véase también: *Patino Chirino v. Parador Villa Antonio,* supra, págs. 446-447. En armonía, a partir de *Dávila Rivera v. Antilles Shipping, Inc.,* el máximo foro estableció que **la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, debemos autolimitar nuestra facultad al efecto**. (Énfasis provisto). *Dávila Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 496 (1999). En consecuencia, la parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. *Íd.,* en la pág. 497.

Sin embargo, nuestra más alta Curia también reconoció que la norma discutida en el párrafo que antecede no sería absoluta y cedería en aquellos casos **en que alguna resolución sea dictada sin jurisdicción por el Tribunal de Primera Instancia o en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo**. En consonancia, **a modo de excepción**, los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2-1961, en las siguientes instancias: **(1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia.** *Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, 349 (2021) (Énfasis provisto).  En estas instancias, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2-1961 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria. *Íd.* Con todo, se insiste en que *la intervención del Tribunal de Apelaciones y de este Tribunal* (Supremo) *para revisar mediante recurso de certiorari resoluciones interlocutorias dictadas en pleitos tramitados al amparo de la Ley Núm. 2 es limitada por ser contrarias al carácter sumario de la ley. Santiago v. Pontificia Universidad Católica de Puerto Rico*, supra, pág. 357.

## III.  Aplicación del Derecho a los hechos

Según adelantamos, la peticionaria nos solicita que revoquemos dos determinaciones interlocutorias emitidas por el foro primario, en la que se le sancionó por el reiterado incumplimiento con las órdenes del TPI, y se declaró NO HA LUGAR una moción solicitando Orden Protectora.

Lo cierto es que el caso ante nuestra consideración es un reclamo laboral tramitado bajo el procedimiento sumario, conforme la Ley 2-1961. Según adelantamos, de ordinario, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral, por lo cual la facultad de los tribunales apelativos al revisar dichas resoluciones es limitada, ocurre de manera excepcional. *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, 348 (2021).

No obstante, la norma de autolimitación contempla una serie de instancias en la que una resolución interlocutoria es revisable por el Tribunal de Apelaciones. *Íd.,* en la pág. 349. A estos efectos, a modo de excepción, el Tribunal Supremo ha indicado que los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2-1961 en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Íd.*

En el primer recurso, identificado bajo el alfanumérico KLCE202300518, la peticionaria afirma que incidió el TPI al sancionarla. Argumenta que el recurrido incumplió con órdenes del TPI y no se le sancionó, pero a ella sí se le sancionó por oponerse al descubrimiento de sus récords médicos. Agrega que los récords de tratamiento psicológico son los que están relacionados a la *Querella,* y que esos se le produjeron a Badillo en el descubrimiento de prueba.

En cuanto al segundo recurso, identificado bajo el alfanumérico KLCE202300583, la peticionaria sostuvo que erró el foro primario al no conceder una orden protectora. En la muy escueta argumentación que

presentó la peticionaria para solicitar nuestra intervención en este asunto, afirmó que la solicitud de los récords médicos de los últimos 10 años, no es pertinente al descubrimiento de prueba y constituye una expedición de pesca por parte del recurrido. Asimismo, aseveró que dicha solicitud es opresiva y contraria a la Ley 2-1961.

De lo anterior surge sin dificultad que la peticionaria aspira a que revisemos dos resoluciones interlocutorias acontecidas dentro del proceso sumario dispuesto por la Ley 2-1961. A pesar de que la jurisprudencia citada dispone con claridad que en tales casos la parte promovente del recurso de certiorari viene obligada a demostrar que acontece alguna de las excepciones que nos permitirían intervenir en casos así, la señora Puello Piña **no demostró la existencia de ninguna de las excepciones que justificarían el ejercicio de nuestra revisión en esta etapa de los procedimientos**. Es decir, de los asuntos traídos a nuestra atención por la peticionaria en ambos recursos **no** surge que el TPI hubiese actuado sin jurisdicción, que nuestra intervención en esta etapa dispondría del caso o evitaría una grave injusticia. En consecuencia, sólo cabe desestimar, por falta de jurisdicción.

## IV. Parte dispositiva

Por los fundamentos antes expuestos, se desestiman los recursos presentados, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones