Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **LIZ ARCHILLA BETANCOURT**<br><br>Recurrido<br><br><br>v.<br><br><br>**GLAXOSMITHKLINE PUERTO RICO INC. Y OTROS**<br><br>Peticionarios | KLCE202400125 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala **Bayamón**<br><br>Caso Núm.:<br>**BY2022CV3503 (401)**<br><br>Sobre: Despido Injustificado (Ley Núm. 80) y Otros |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de marzo de 2024.

La parte peticionaria, GlaxoSmithKline Puerto Rico Inc. (Glaxo), comparece mediante el recurso de epígrafe, y nos solicita la revocación de una *"Orden"* emitida y notificada por el Tribunal de Primera Instancia, Sala de Bayamón, el 16 de noviembre de 2023. Mediante el referido dictamen, el foro primario le ordenó a la parte peticionaria a abstenerse de ejercer cualquier tipo de gestión de descubrimiento de prueba, y de interferir con el testigo de la aquí recurrida, Liz Archilla Betancourt.

Por los fundamentos que expondremos a continuación, *se deniega la expedición del auto solicitado.*

### I.

El 11 de julio de 2022, la recurrida presentó una *"Querella"* al amparo de Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118

*et seq.*, en contra de Glaxo. En el escrito, indicó que laboró en la referida empresa por veintiseis (26) años, principalmente, en la posición de representante de ventas. Sostuvo que se vio precisada a renunciar a su puesto, luego de sufrir un patrón de actos humillantes, abusivos y hostiles. Aseveró que los mencionados actos, constituyeron discrimen por razón de sexo y se realizaron en represalia por prestar una serie de quejas en las cuales alegó trato desigual. Así pues, le suplicó al tribunal de instancia que condenara a la parte peticionara a satisfacerle todos los remedios solicitados en virtud de las leyes laborales.

Luego de que Glaxo contestara la demanda, y tras varias instancias procesales, el 16 de noviembre de 2023, Archilla Betancourt presentó una *"Urgente Moción Solicitando Orden para que se Prohíba a los Abogados de la Querellada Interferir con Testigo de la Parte Querellante"*. En el petitorio, relató que, en respuesta a una solicitud de sentencia sumaria instada por Glaxo, presentó un escrito en oposición el cual acompañó con una declaración jurada de José Diez Sánchez, quien laboró como gerente de ventas en la referida empresa, y fue su anterior supervisor. En consecuencia, Glaxo, alegadamente, llamó a su antiguo empleado para cuestionarle sobre la mencionada declaración jurada. Posteriormente, el 7 de noviembre de 2023, Glaxo, le envió una misiva a Archilla Betancourt en la cual expuso que mientras Diez Sánchez fue empleado de la empresa, firmó un acuerdo de confidencialidad, en virtud del cual tenían que estar presentes los abogados de la empresa en toda comunicación que se interesara tener con él. Sobre este particular, la recurrida resaltó que, a pesar de que había anunciado a Diez Sánchez como su testigo desde el 9 de septiembre de 2022, fue la primera vez que la corporación manifestó que existía un presunto acuerdo de confidencialidad con su antiguo empleado.

Por otra parte, la recurrida acentuó que tenían información de que los abogados de Glaxo habían citado al referido testigo a sus oficinas para intentar obtener una declaración jurada. A raíz de ello, Archilla Betancourt solicitó al foro primario que emitiera una orden en la que se le instruyera a los abogados de Glaxo a abstenerse de ejercer cualquier tipo de gestión de descubrimiento de prueba, puesto que el mismo se dio por concluido a solicitud de la misma entidad. Igualmente, peticionó que se le ordenara a la empresa evitar interferir con su testigo, sin la autorización y presencia de su representante legal.

Evaluada la moción, el 16 de noviembre de 2023, el tribunal de instancia emitió la *"Orden"* solicitada.

Ese mismo día, Glaxo, le suplicó al referido foro que reconsiderara la *"Orden"*. Planteó que, Diez Sánchez era parte en el presente caso y cliente de los abogados que estaban representado a la corporación, puesto que fungió, anteriormente, como gerencial de la empresa. Además, sostuvo que, dado a que el mencionado testigo era una extensión de Glaxo, podían reunirse con él en cualquier momento que estimaran necesario. Así, arguyó que la orden, debía ir dirigida a la recurrida, y no a la corporación, para que esta se abstuviera de reunirse con Diez Sánchez sin su presencia.

El 17 de noviembre de 2023, Archilla Betancourt se opuso a la reconsideración. Manifestó que Diez Sánchez no era una extensión de Glaxo, puesto que habían transcurrido varios años desde la terminación de su empleo. Además, afirmó que, el mero hecho de que el mencionado testigo ocupó en el pasado una posición de gerente en Glaxo, no tuvo el efecto de establecer una relación abogado-cliente con la representación legal de la empresa. A su vez, indicó que el testigo tenía su propio abogado. En virtud de lo expuesto, le peticionó al foro primario que declarara sin lugar la reconsideración.

En reacción, el 17 de noviembre de 2023, Glaxo presentó una réplica en la cual enfatizó los argumentos presentados anteriormente.

Evaluadas las posturas, el 27 de noviembre de 2023, el tribunal de instancia señaló una vista para el 4 de diciembre de 2023, con motivo de escuchar los argumentos de las partes.[1]

Celebrada la vista, el tribunal concluyó que Diez Sánchez no era cliente de los abogados de Glaxo, ni parte en el presente caso. A su vez, dejó claro que el descubrimiento de prueba había concluido.[2] De ese modo, determinó que se mantenía en efecto la *"Orden"* previamente emitida. Ahora bien, razonó que, si existía un borrador de la declaración jurada del mencionado testigo, Archilla Betancourt debía notificarlo a Glaxo en un término de cinco (5) días.

Inconforme, el 29 de enero de 2024, Glaxo presentó este recurso, y realizó los planteamientos siguientes:

> ERRÓ EL TPI AL DEJAR SIN EFECTO EL ACUERDO CONFIDENCIAL ENTRE GSK Y DIEZ E IMPEDIR A DIEZ CUMPLIR CON SU DEBER DE COOPERACIÓN CON GLAXO AL ENMENDAR *SUA SPONTE* Y SIN JURISDICCIÓN LOS TÉRMINOS Y CONDICIONES DEL MISMO, A PESAR DE QUE LA VALIDEZ DEL ACUERDO NO ES UN ASUNTO ANTE LA CONSIDERACIÓN DEL TPI.
>
> ERRÓ EL TPI AL DISPONER QUE GKS HABÍA RENUNCIADO AL PRIVILEGIO ABOGADO-CLIENTE CON RESPECTO A DIEZ.
>
> ERRÓ EL TPI AL CONCLUIR QUE COMO LA DECLARACIÓN JURADA SUSCRITA POR DIEZ NO CONTIENE MATERIA PRIVILEGIADA NO APLICA EL PRIVILEGIO ABOGADO-CLIENTE.
>
> ERRÓ EL TPI AL DETERMINAR QUE LA PARTE QUERELLANTE NO TIENE QUE SUPLEMENTAR SU DESCUBRIMIENTO DE PRUEBA BAJO LA REGLA 23 DE PROCEDIMIENTO CIVIL.

Recibido el recurso, ordenamos a la parte recurrida a presentar su posición en el término de diez (10) días, conforme

---

[1] Precisa señalar que, ese mismo día, Glaxo acudió ante esta Curia en auxilio de jurisdicción (KLCE202301324). Sin embargo, nos negamos expedir el recurso. En consecuencia, el 7 de diciembre de 2023, la parte peticionaria instó una *Solicitud Urgente en Auxilio de Jurisdicción* ante el Tribunal Supremo (CC-2023-0792). No obstante, nuestro Alto Foro, igualmente, declaró sin lugar la referida solicitud.

[2] Apéndice del recurso, pág. 124.

dispone la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 37. Luego de transcurrir un término adicional, según solicitado, el 8 de febrero de 2024, Archilla Betancourt presentó su posición.

Examinado el expediente, y con el beneficio de la transcripción de la vista del 4 de diciembre de 2023, procedemos a resolver.

## II.

### A. Ley de Procedimiento Sumario de Reclamaciones Laborales

La Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118, et seq., en adelante Ley Núm. 2, fue promulgada por nuestra Legislatura, con el fin de librar a los obreros o empleados del procedimiento judicial ordinario, cuando entablen una reclamación contra su patrono. *León Torres v. Rivera Lebrón*, 204 DPR 20, 30 (2020); *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928 (2008); *Ríos v. Industrial Optic,* 155 DPR 1, 10 (2001).

Como bien propone su nombre, bajo esta disposición, los empleados con reclamos laborales pueden beneficiarse de un procedimiento sumario y expedito. La jurisprudencia interpretativa ha procurado proteger y sostener, la importancia de que los reclamos de naturaleza laboral sean tramitados con prontitud. *León Torres v. Rivera Lebrón,* supra, pág. 32-33; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 732 (2016).

Cónsono con el espíritu de los procedimientos sumarios al amparo de la Ley Núm. 2, nuestro Alto Foro estableció que ***nuestra intervención en resoluciones interlocutorias es contraria al carácter sumario de estos, por lo que es preciso restringir, en***

***estos casos, nuestra facultad revisora****. Dávila Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 496 (1999). Es por esto último que la parte que desee impugnar alguna determinación del Foro Primario, previo a la adjudicación final del caso, deberá esperar a la sentencia final, e instar contra ella el recurso pertinente a base del alegado error interlocutorio cometido. *Dávila Rivera v. Antilles Shipping, Inc.,* supra, pág. 497.

"De este modo se da cumplimiento a la médula del procedimiento analizado y, por otro lado, no queda totalmente desvirtuado el principio de economía procesal ya que, si tenemos en cuenta la rapidez con la que sobrevienen los escasos eventos procesales provistos por la Ley Núm. 2, veremos que la parte podrá revisar en tiempo cercano los errores cometidos". *Dávila, Rivera v. Antilles Shipping, Inc., supra,* a la pág. 497.

No obstante, nuestra más alta Curia ha reconocido tres (3) excepciones a la norma precitada, con relación a las revisiones interlocutorias en procedimientos sumarios. Los tribunales apelativos pueden ejercer su facultad revisora mediante *certiorari,* sobre aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2, en las siguientes instancias: ***(1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia.*** *Santiago v. Pontificia Universidad Católica de Puerto Rico,* 207 DPR 339, 349 (2021); *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 730. En estas instancias, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria.

La Sección 3 del estatuto en cuestión, dispone que en "los casos que se tramiten con arreglo a esta Ley, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley". Ley Núm. 2, supra, sec. 3120.

### III.

La acción promovida en el caso de marras surge al amparo de la Ley Núm. 2, por lo que debe evaluarse a la luz de la normativa en procedimientos sumarios. El peticionario nos solicita que revisemos una determinación interlocutoria del Foro Primario. Por ello, debemos evaluar si en la misma se materializa alguna de las excepciones que nuestra jurisprudencia ha establecido, para que este Tribunal pueda intervenir en resoluciones de esta naturaleza.

Luego de una sosegada evaluación del expediente y la exposición de ambas partes, justipreciamos que no existe ninguna de las excepciones que nos permitirían expedir el recurso. El peticionario no ha demostrado que el Foro recurrido haya tomado su determinación en ausencia de jurisdicción para hacerlo. Finalmente, entendemos que nuestra denegatoria no provocará una grave injusticia.

### IV.

Por los fundamentos que anteceden, *se deniega la expedición del recurso de certiorari solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones