Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| MARÍA DEL PILAR RIVERA CINTRÓN<br>Recurrida<br><br>v.<br><br>SAN JORGE ASSOCIATES y OTROS<br>Peticionaria | KLCE202401042 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Toa Alta<br><br>Caso Núm. TA2024-CV00263<br><br>Sobre: Despido Injustificado |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 8 de octubre de 2024.

Comparece San Jorge Associates, (SJA o peticionaria), mediante recurso de *certiorari,* solicitan la revocación de la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Toa Alta, (TPI), el 17 de septiembre de 2024. Mediante dicho dictamen el foro primario declaró *Sin Lugar* la solicitud de sentencia sumaria presentada por SJA, en el contexto de un pleito laboral instado bajo el procedimiento sumario provisto por la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, conocida como Ley de Procedimiento Sumario de Reclamaciones Laborales (Ley Núm. 2-1961), 32 LPRA sec. 3118 *et seq.*

No obstante, la parte recurrida María del Pilar Rivera Cintrón (señora Rivera Cintrón o recurrida), alza un asunto jurisdiccional cuya atención nos resulta de umbral. En específico, aduce esta que no estamos ante una de las excepciones que la jurisprudencia ha reconocido para justificar nuestra intervención con una determinación interlocutoria

durante el proceso sumario establecido por la Ley Núm. 2-1961. Tiene razón.

A tenor, evaluados los asuntos esgrimidos por el SJA, procede desestimar el presente recurso por falta de jurisdicción, pues no acontece ninguna de las excepciones que nos habilitarían para intervenir en asuntos interlocutorios que acontezcan en el proceso sumario bajo la Ley Núm. 2-1961. *Íd.*

## I.  Resumen del tracto procesal

El 16 de marzo de 2024 la señora Rivera Cintrón instó una *Querella* sobre despido injustificado contra SJA, al amparo de la Ley Núm. 80 del 30 de mayo de 1976, según enmendada, (Ley Núm. 80-1976), 29 LPRA sec. 185ª, *et seq.*, acogiéndose al procedimiento sumario provisto por la Ley Núm. 2-1961. A tenor, solicitó como remedios el pago de la mesada por causa del despido injustificado, costas, gastos, penalidades e imposición de honorarios de abogados.

En respuesta, el 28 de marzo de 2024, SJA instó *Contestación a Querella.* En lo esencial, adujo que la señora Rivera Cintrón fue despedida con justa causa, por lo que no tenía derecho al remedio solicitado.

Pasados unos meses, el 22 de agosto de 2024, SJA presentó *Moción de Sentencia Sumaria.* Luego de presentar una lista de veintiocho (28) hechos que identificó como incontrovertidos, junto a la prueba documental en la que los apoyó, arguyó que medió justa causa para el despido de la recurrida por dos razones principales. Primero, sostuvo que las actuaciones de la señora Rivera Cintrón fueron constitutivas de acoso laboral a tenor con la Ley Núm. 90 de 7 de agosto de 2020, según enmendada, conocida como Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico (Ley Núm. 90-2020), 29 LPRA sec. 3111 *et seq.* En lo pertinente, adujo que la señora Rivera Cintrón llamó a su supervisora, en tono hostil y amenazante, *supervisora de mierda* y que se encargaría de *ponerla chiquita.* Añadió que entrevistó a cinco empleados, de los cuales

tres presenciaron tales hechos y confirmaron las expresiones y conducta impropia de la recurrida. Segundo, le atribuyó a la recurrida incurrir en deshonestidad y ocultación de hechos, al rehusarse a cooperar en la investigación. A tenor, aseveró haber ejercido justificadamente su prerrogativa gerencial de despedir a la señora Rivera Cintrón, al mediar justa causa.

A raíz de ello, la señora Rivera Cintrón presentó su *Oposición a Moción Solicitando Sentencia Sumaria.* En esta, hizo referencia a los hechos enumerados como incontrovertidos en la moción de sentencia sumaria, aceptando algunos, e incluyendo prueba documental para controvertir otros. En síntesis, adujo que no procedía dictar sentencia sumariamente, puesto que subsistían controversias de credibilidad y apreciación de la prueba con relación a los eventos que fueron considerados al momento del despido, el incumplimiento con sus deberes, y el incidente que motivó su despido, para lo que citó prueba documental. Por último, argumentó que la sentencia sumaria tampoco procedía como cuestión de derecho, pues no estableció una relación causal entre las acciones de la recurrida y el buen funcionamiento de la empresa. Además de citar la deposición que se le había tomado para controvertir ciertos hechos propuestos por SJA como incontrovertidos, la señora Rivera Cintrón acompañó en su oposición una declaración jurada fechada el 11 de septiembre de 2024.

Evaluada la moción dispositiva ante su consideración, junto al escrito en oposición, el TPI emitió la *Resolución* cuya revocación nos solicita SJA, declaró *Sin Lugar* la solicitud de sentencia sumaria presentada por este. Razonó el foro recurrido que de la documentación incluida por las partes surgía claramente que existía controversia sustancial de hechos materiales a la controversia. Particularmente, el TPI razonó que tenía que examinar la admisibilidad de los incidentes que fueron considerados para el despido. Además, sostuvo que era necesario

celebrar una vista plenaria para examinar la credibilidad de los testigos e interpretar la prueba documental a la luz de los testimonios.

Inconforme, el 26 de septiembre de 2024, SJA presentó la petición de *certiorari* ante nuestra atención, planteando los siguientes señalamientos de error:

> PRIMER SEÑALAMIENTO DE ERROR: Erró el TPI al negarse a desestimar la reclamación de una persona despedida luego de incurrir en acoso laboral al amparo de la Ley 90-2020, negándose a dar deferencia y sustituyendo su criterio, situándose así en la posición de un súper departamento de personal.

> SEGUNDO SEÑALAMIENTO DE ERROR: Erró el TPI al negarse a desestimar la reclamación, fundado un "sham affidavit" que contiene prueba de referencia.

Ante lo cual, la recurrida presentó *una Moción de Desestimación por Falta de Jurisdicción.* En esencia, y según adelantamos, en esta se arguyó que al tratarse de una determinación interlocutoria dictada en un procedimiento sumario al amparo de la Ley Núm. 2-1961, no se justifica nuestra intervención, pues no se dictó en ausencia de jurisdicción y tampoco es un caso extremo en el cual los fines de la justicia lo requieran.

Con el beneficio de la comparecencia de las partes, resolvemos.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied MGMT. Group, v. Oriental Bank,* 204 DPR 374, 385 (2020); *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon v. Jta. Revisora, RA Holdings,* supra, pág. 234; *Shell v. Srio. Hacienda,* 187 DPR 109, 122-123 (2012). Ello responde a que las

cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

### B. Procedimiento Sumario bajo la Ley Núm. 2-1961

La Ley Núm. 2-1961, *supra,* provee un mecanismo sumario para la rápida consideración y adjudicación de las querellas de obreros y empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales. *Patino Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928 (2008). Es norma establecida que tales reclamaciones, "ameritan ser resueltas con celeridad de forma tal que se pueda implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido los medios económicos para su subsistencia mientras consigue un nuevo empleo". *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Aguayo Pomales v. R & G Mortg.,* 169 DPR 36, 43 (2006). Así, se ha dispuesto que el carácter sumario de este tipo de reclamación constituye una característica esencial o, la médula de esta ley. *Bacardí Corp. v. Torres Aguayo*, 202 DPR 1014, 1019 (2019); *Ruiz Camilo v. Trafon Group, Inc.,* supra, pág. 265.

Con el fin de continuar promoviendo el carácter sumario de la ley, la Asamblea Legislativa aprobó la Ley Núm. 133-2014, donde manifestó su intención de extenderlo a la etapa apelativa "para cumplir con el propósito rector de la misma, de proveer al obrero un remedio rápido y eficaz". Exposición de Motivos de la Ley Núm. 133-2014. Véase también: *Patino Chirino v. Parador Villa Antonio,* supra, págs. 446-447. En armonía, a partir de *Dávila Rivera v. Antilles Shipping, Inc.,* el máximo foro estableció que **"la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, debemos**

**autolimitar nuestra facultad al efecto".** (Énfasis provisto). *Dávila Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999). En consecuencia, la parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. *Íd.,* en la pág. 497.

Sin embargo, nuestra más alta Curia también reconoció que la norma discutida en el párrafo que antecede no es absoluta y que cede en aquellos casos en que alguna **resolución sea dictada sin jurisdicción por el Tribunal de Primera Instancia o en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo**. *Íd.,* en la pág. 498. **A modo de excepción**, los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2-1961, **en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia" (*miscariage of justice*)**. (Énfasis provisto). *Íd.,* en la pág. 498. Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016).

Con mayor precisión, **a modo de excepción**, los tribunales apelativos debemos mantener y ejercer nuestra facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado al amparo de la Ley Núm. 2-1961, bajo las siguientes circunstancias: **(1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia.** (Énfasis provisto). *Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, 349 (2021). "En estas instancias, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2-1961 ceden y los foros

apelativos pueden revisar determinada resolución interlocutoria". *Santiago v. Pontificia Universidad Católica de Puerto Rico, Íd.* Con todo, se insiste en que "la intervención del Tribunal de Apelaciones y de este Tribunal (Supremo) para revisar mediante recurso de *certiorari* resoluciones interlocutorias dictadas en pleitos tramitados al amparo de la Ley Núm. 2 es limitada por ser contrarias al carácter sumario de la ley". *Santiago v. Pontificia Universidad Católica de Puerto Rico, Íd*, pág. 357.

### III.  Aplicación del Derecho a los hechos

Según ha quedado visto, hemos acentuado el hecho de que el presente caso trata de un reclamo laboral, tramitado bajo el procedimiento sumario provisto en la Ley 2-1961, por cuanto nuestra labor revisora resulta condicionada por ello.

Abundando sobre lo anterior, tratándose la *Resolución* recurrida de una denegatoria de una moción de carácter dispositivo, de ordinario estaríamos facultados por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, para ejercer nuestra facultad discrecional de revisarla. Sin embargo, por virtud del proceso particular establecido en la legislación laboral articulada en la Ley 2-2961, nos vemos obligados a mantener el carácter expedito en el trámite de este caso, salvo que identifiquemos alguna de las siguientes instancias: (1) que el foro primario haya actuado sin jurisdicción; **(2) si la revisión inmediata dispone del caso por completo**; o (3) si la revisión tiene el efecto de evitar una grave injusticia. (Énfasis provisto). *Santiago v. Pontificia Universidad Católica de Puerto Rico*, supra. Así pues, resaltamos que, bajo estos supuestos, nuestra facultad revisora de dictámenes interlocutorios es limitada, por ser contraria al carácter sumario de los procedimientos bajo la Ley 2-1961, *supra. Dávila Rivera v. Antilles Shipping, Inc.*, supra, pág. 496, y solo procedería expedir el recurso de *certiorari* **a modo de excepción**.

Es decir, nuestra labor revisora de una moción de sentencia sumaria denegada por el TPI durante el proceso expedito concebido por la

Ley 2-2961, no es la misma a aquella que ejercemos al considerar tales dictámenes cuando no interviene el proceso sumario laboral aludido.

Al afirmar lo anterior no estamos aseverando que los dictámenes interlocutorios provenientes del TPI que acontecen como parte de los trámites bajo el proceso sumario de la Ley 2-1961, no sean revisables mediante el recurso de *certiorari,* sino **que le corresponde a la parte peticionaria demostrar que nuestra intervención se justifica porque se cumple con una de las excepciones enumeradas en el párrafo que precede**. Sin embargo, SJA ha omitido en su *Petición de Certiorari* establecer ante cuál de las excepciones enumeradas nos encontramos, que sirva para habilitarnos, de manera excepcional, a superar las limitaciones a la revisión de resoluciones interlocutorias en medio del trámite expedito bajo la Ley 2-1961.

A pesar de tal omisión por SJA, ello no nos releva de auscultar si conservamos jurisdicción para atender el presente recurso. En consecuencia, procederemos a considerar si acontece alguna de las causas excepcionales que nos habilitarían para atender la controversia planteada.

En primer lugar, no identificamos que el foro primario hubiese actuado sin jurisdicción al emitir la *Resolución* recurrida, por lo que no se justifica nuestra intervención por vías de esta excepción. Es decir, el foro primario actuó con jurisdicción sobre el asunto, por lo que no cabe aducir falta de esta como motivo para intervenir con el proceso sumario iniciado.

En segundo lugar, al evaluar si la revisión inmediata dispone del caso por completo, o estamos ante una grave injusticia, tampoco encontramos que nuestra intervención sea requerida o acontezca alguna de las excepciones aludidas. Veamos.

En su *Moción de Sentencia Sumaria* la peticionaria esgrimió que la única controversia que subsistía era si la recurrida tenía derecho a la mesada reclamada al amparo de la Ley 80-1976, es decir, si el despido fue justificado. Con el propósito de sostener las razones del despido, según

dijimos, esta propuso veintiocho (28) hechos incontrovertidos,[1] entre los cuales se encontraban que, según el *Manual de Empleados del Hospital San Jorge*, en su pág. 38, norma 66, *utilizar lenguaje profano u ofensivo hacia compañeros de trabajo u otras personas presentes en el Hospital conlleva el despido en primer paso*. Añadió que la recurrida reconoció que, entre los deberes de su empleo, incluía el no hablarle malo a nadie porque podía ser despedida. A estos fines identificó como un hecho material e incontrovertido **que la señora Rivera Cintrón le dijo en un tono hostil y amenazante a la Sra. Omayra Candelario "supervisora de mierda", "que la iba a poner chiquita"**, citando la pág. 131, líneas 6-8 de la deposición que se le tomó a la señora Rivera Cintrón.[2]

Es decir, la presunta manifestación que la señora Rivera Cintrón dirigiera hacia su supervisora, en términos de que era *supervisora de mierda* y la *iba a poner chiquita,* resulta central en la teoría legal de SJA para sostener que, por causa de dicha conducta, había sido despedida, *ergo*, el despido fue justificado.

No obstante, al verificar en integridad las respuestas que la señora Rivera Cintrón brindó en la deposición citada, precisamente, en la página 131 de dicho documento, pero en las líneas 16-25[3], esta expresamente negó haber hecho las expresiones que se le imputaron sobre su supervisora, que presuntamente causaron su despido, y así lo esgrimió en su *Oposición a Moción Solicitando Sentencia Sumaria*.[4]

Por tanto, y según lo apreció el foro recurrido, estamos ante un hecho medular que ha sido controvertido, y el cual exige ser dirimido en el juicio plenario. Solo a través de la valoración de la prueba testifical que en

---

[1] De tales hechos propuestos, el TPI solo acogió cinco (5) en la *Resolución* recurrida.

[2] Apéndice del recurso de *certiorari*, pág. 201.

[3] *Íd.*

[4] P. Okay. Como parte de su queja, la señora Candelario menciona que usted allí cuando, eh, quita ese programa de trabajo, le dijo que ella era una supervisora de mierda.
R. Sí, eso es lo que dice ella.
P. Okay. ¿Cuál es su versión?
R. No. Yo no dije nada a ella. Solamente yo saqué el programa y le dije que no era supervisora. Apéndice del recurso *cetiorari*, pág. 201, líneas 9-16.

su momento efectúe el tribunal *a quo*, al sopesar el testimonio que las partes presenten sobre dicha controversia durante el juicio, se podrá atribuir veracidad a la versión de la parte recurrida o de SJA.

Al decir lo anterior, no eludimos ni desconocemos el hecho de que, junto a su *Moción de sentencia sumaria,* SJA presentó varias declaraciones juradas tomadas a empleados del Hospital San Jorge, que alegadamente presenciaron las expresiones dirigidas por la señora Rivera Cintrón a su supervisora. Sin embargo, reiteramos, esta no es la etapa oportuna para dirimir conflictos testimoniales como los aquí presentados, sino que tal momento se reserva para la confrontación que de dichos testigos puedan llevar a cabo las partes a través de los interrogatorios durante el juicio.

Acorde con lo dicho, al existir controversia de hechos materiales, no nos encontramos ante una de las causas excepcionales que nos permitiría intervenir con el dictamen interlocutorio recurrido, según concebido por la Ley 2-1961, pues *nuestra revisión inmediata no dispondría del caso por completo.* En este sentido, solo podríamos intervenir con el proceso sumario bajo la Ley 2-1961 si, examinada la moción dispositiva presentada, concluyéramos que procedía emitir sentencia sumaria. Al determinar que persisten controversias de hecho medulares por dilucidar, esto impide nuestra intervención, conservando así vitalidad el proceso sumario diseñado para las reclamaciones de derechos laborales.

Por último, huelga decirlo, tampoco apreciamos que medie la *grave injusticia* que justificaría nuestra intervención en esta etapa de los procedimientos. Todo lo contrario, concluir que procede dictar sentencia sumariamente bajo las circunstancias anteriormente expuestas, provocaría una grave injusticia al privarle a la señora Rivera Cintrón de su día en corte. Véase *Ramos Pérez v. Univisión*, 178 DPR 200, 216-217 (2010).

Con todo, valga notar que no hemos hecho un análisis exhaustivo de todos los hechos que fueron debidamente controvertidos, pues la mera

existencia de una controversia de hecho medular, como la identificada, es suficiente para derrotar la moción de sentencia sumaria cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente. *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012).

En definitiva, ausente las excepciones que nos permitirían intervenir con una resolución interlocutoria dictada bajo el proceso sumario especial de la Ley 2-1961, solo procede declararnos sin jurisdicción, permitiendo así que continúen los trámites ante el TPI sin dilación.

## IV. **Parte dispositiva**

Por las razones expuestas, desestimamos el recurso de *certiorari* presentado, por carecer de jurisdicción para considerarlo.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones