EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis Patiño Chirino<br><br>    Recurrido<br><br>        v.<br><br>Villa Antonio Beach Resort, Inc. h/n/c Villa Antonio o Parador Villa Antonio, Héctor Ruiz<br><br>    Peticionario | Certiorari<br><br>2016 TSPR 200<br><br>196 DPR ____ |

Número del Caso: CC-2015-1049


Fecha: 16 de septiembre de 2016


Tribunal de Apelaciones:

    Región Judicial de Aguadilla, Panel IX


Abogados de la parte Peticionaria:

    Lcdo. Juan Raul Mari Pesquera
    Lcdo. Marcos Francisco Soto Méndez


Abogado de la parte Recurrida:

    Lcda. Samuel Rodríguez López


Materia: Procedimiento sumario laboral: Las Sentencias dictadas bajo el procedimiento sumario laboral provisto por la Ley Núm. 2 de 17 de octubre de 1961, no pueden ser objeto de reconsideración

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis Patiño Chirino

    Recurrido

      v.

                                 CC-2015-1049

Villa Antonio Beach Resort, Inc. h/n/c Villa Antonio o Parador Villa Antonio, Héctor Ruiz

    Peticionarios

Opinión del Tribunal emitida por la Jueza Presidenta ORONOZ RODRÍGUEZ

En San Juan, Puerto Rico, a 16 de septiembre de 2016.

Recientemente atendimos el caso <u>Medina Nazario v. McNeil Healthcare LLC</u>, 2016 TSPR 36, 194 DPR ___ (2016), y resolvimos que la reconsideración de una resolución interlocutoria es incompatible con el procedimiento sumario laboral provisto por la Ley Núm. 2-1961, <u>infra</u>. En esta ocasión, debemos resolver si las sentencias dictadas en un pleito tramitado al amparo de dicho procedimiento pueden ser objeto de reconsideración. Por entender que la reconsideración de una sentencia final es igualmente incompatible con el trámite sumario laboral, contestamos esta interrogante en la negativa. Los hechos que dieron inicio a esta controversia son los siguientes.

I

El Sr. Luis Patiño Chirino presentó una querella por despido injustificado, hostigamiento sexual y represalias en contra de Villa Antonio Beach Resort, Inc. (Villa Antonio) y del Sr. Héctor Ruiz (en conjunto, peticionarios) al amparo del procedimiento sumario laboral provisto por la Ley Núm. 2-1961, según enmendada, conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118 et seq. (Ley Núm. 2).[1]

Alegó que su supervisora, la Sra. Yadira Ríos Torres, le hizo una serie de acercamientos sexuales no deseados que ocasionaron un ambiente hostil en su empleo. Por esa razón, presentó una querella ante su patrono quien, según explicó, lo refirió a la Corporación del Fondo del Seguro del Estado para que recibiese tratamiento. Así las cosas, sostuvo que regresó a su trabajo el 4 de abril de 2006 y que el gerente general del hotel, el Sr. Héctor Ruiz, lo despidió por no reincorporarse a sus funciones dentro de los quince (15) días provistos por la Ley del Sistema de Compensaciones por Accidentes del Trabajo, a pesar de haber recibido la notificación de alta el 27 de marzo.[2]

Villa Antonio contestó la querella y negó las alegaciones sobre despido injustificado, represalias y

---

[1] El señor Patiño Chirino fundamentó su reclamación en: la Ley Núm. 80-1976, 29 LPRA sec. 185a et seq.; la Ley Núm. 115-1991, 29 LPRA sec. 194 et seq.; la Ley Núm. 45-1935, 11 LPRA sec. 7; y la Ley Núm. 17-1988, 29 LPRA sec. 155 et seq. Querella. Apéndice, págs. 32-33.

[2] La Corporación del Fondo del Seguro del Estado emitió la decisión de alta el 16 de marzo de 2006, pero no la notificó hasta el 24 de marzo. Sentencia. Apéndice, pág. 110. Véase Art. 5-A de la Ley Núm. 45-1935, 11 LPRA sec. 7.

hostigamiento sexual.[3] Argumentó que la señora Ríos Torres no creó un ambiente hostil en el empleo toda vez que no hostigó sexualmente al querellante. Además, enfatizó que su política de hostigamiento sexual incorpora los mandatos de la Ley Núm. 17-1988, 29 LPRA sec. 155 et seq.[4] Explicó que el señor Patiño Chirino recibió copia de dicha política y que éste no se quejó oportunamente del alegado hostigamiento. Por último, negó que el querellante se reportase a su trabajo cuando le fue requerido y manifestó que en todo momento actuó con la debida diligencia, pues trabajó con ambos empleados para llegar a una solución satisfactoria.[5]

Tras la celebración del juicio en su fondo, el Tribunal de Primera Instancia dictó sentencia y declaró con lugar la querella presentada. Concluyó que el señor Patiño Chirino fue víctima de hostigamiento sexual pues fue objeto de acercamientos, comentarios y conducta sexualmente explícita por parte de su supervisora que produjeron un ambiente de trabajo hostil, humillante y tenso.[6] Además, determinó que el querellante fue cesanteado durante el término de reserva provisto por el Artículo 5-A de la Ley Núm. 45-1935, 11 LPRA sec. 7, lo cual constituyó una acción en represalia por haber presentado la denuncia de hostigamiento sexual. En consecuencia, condenó a los peticionarios a satisfacer solidariamente la cantidad de $75,000.00 por las angustias y

---

[3] *Contestación a Querella*. Apéndice, págs. 36-39.
[4] *Informe de Conferencia con Antelación al Juicio*. Apéndice, pág. 43.
[5] Además, expresó que tomó acción correctiva una vez se enteró del alegado patrón de hostigamiento.
[6] *Sentencia*. Apéndice, pág. 115.

sufrimientos mentales y $53,820.00 por los ingresos dejados de percibir a consecuencia del despido. Además, duplicó las cuantías impuestas en virtud del Artículo 11 de la Ley Núm. 17-1988, 29 LPRA sec. 155j y del Artículo 2 de la Ley Núm. 115-1991, 29 LPRA sec. 194a.

Inconformes con el resultado, el 13 de octubre de 2015 los peticionarios acudieron ante el Tribunal de Apelaciones y solicitaron la revisión del dictamen. En síntesis, plantearon que el foro primario erró: (1) al determinar que la causa de acción por hostigamiento sexual no estaba prescrita; (2) al concluir que existió hostigamiento sexual en el empleo sin analizar la totalidad de las circunstancias; (3) al determinar que no tomó acciones afirmativas para prevenir el hostigamiento; (4) al concluir que el querellante fue víctima de represalias en el empleo; (5) al determinar que violentó la reserva de empleo; (6) al no considerar que el querellante no mitigó los daños; (7) al otorgar una compensación exageradamente alta; (8) al determinar que el señor Ruiz fue co-causante de los daños; (9) al permitir que el querellante testificase sobre ciertas declaraciones efectuadas por la señora Ríos; y (10) al dictar sentencia sin acumular parte indispensable.[7]

El 26 de octubre de 2015, los peticionarios presentaron una *Moción Informativa.* Expresaron que al día siguiente de presentar su recurso enviaron una moción solicitando autorización para presentar la transcripción de la prueba, la cual fue devuelta porque el servicio postal franqueó

---

[7] *Apelación.* Apéndice, pág. 10.

erróneamente la correspondencia.[8] En consecuencia, señalaron que existió justa causa para el incumplimiento con el término reglamentario y solicitaron al foro intermedio que autorizase la transcripción.

El 11 de diciembre de 2015, el Tribunal de Apelaciones notificó una sentencia confirmando el dictamen recurrido. Concluyó que los peticionarios incumplieron con las Reglas 19(B) y 76(A) de su Reglamento, 4 LPRA Ap. XXII-B, pues no solicitaron autorización para presentar una exposición estipulada, una exposición narrativa o una transcripción de la prueba oral dentro del término provisto, a pesar de que sus primeros nueve señalamientos de error requerían la evaluación de la prueba. Además, enfatizó que la moción ante su consideración incumplió con los requisitos reglamentarios porque no expuso las razones por las cuales la transcripción era indispensable ni las porciones del récord cuya transcripción interesaban.[9]

En desacuerdo, el 15 de diciembre de 2015 los peticionarios presentaron una *Urgente Moción de Reconsideración* ante el foro intermedio. En síntesis, alegaron que su moción solicitando autorización para presentar la transcripción de la prueba satisfizo los criterios dispuestos en las Reglas 19(B) y 76(A), supra, y

---

[8] *Moción Informativa*. Apéndice, págs. 200-201. En apoyo de su contención, anejaron copia del sobre devuelto por el correo. Íd. pág. 202.

[9] *Sentencia*. Apéndice, pág. 216. Asimismo, concluyó que Villa Antonio no fundamentó adecuadamente su décimo señalamiento de error por lo que consideró que renunció a éste. Íd. págs. 217-218.

argumentaron que el tribunal abusó de su discreción al no concederles un término para perfeccionar el recurso.[10]

El 30 de diciembre de 2015, mientras su moción de reconsideración aún estaba ante la consideración del foro intermedio, los peticionarios acudieron a este Tribunal mediante un recurso de *certiorari*. Alegaron que el Tribunal de Apelaciones erró: (1) al desestimar su recurso por no perfeccionarlo dentro del término provisto; (2) al recurrir a la desestimación sin antes utilizar medidas menos drásticas; y (3) al determinar que no existían errores de derecho que pudiesen ser evaluados sin la transcripción de la prueba.[11]

Antes de que este Tribunal expidiese el recurso de epígrafe, el Tribunal de Apelaciones acogió la moción de reconsideración presentada por los peticionarios. Razonó que la reconsideración no es incompatible con el procedimiento sumario provisto por la Ley Núm. 2, supra, toda vez que el estatuto concede un término de veinte (20) días para acudir en revisión ante este Tribunal, mientras que el término provisto por las Reglas de Procedimiento Civil, 32 LPRA Ap. V, para presentar una moción de reconsideración es de quince (15) días. Además, enfatizó que, por tratarse de un recurso de *certiorari*, retenía jurisdicción sobre el asunto hasta que este Tribunal expidiese el auto solicitado.

El 4 de abril de 2016, notificamos una Resolución concediéndole al señor Patiño Chirino un término de veinte

---

[10] *Urgente Moción de Reconsideración.* Apéndice, págs. 219-228.
[11] *Recurso de Certiorari*, pág. 7.

(20) días para que mostrara causa por la cual no debíamos revocar la determinación del foro intermedio por falta de jurisdicción.

El señor Patiño Chirino compareció dentro del término provisto y alegó que el Tribunal de Apelaciones perdió jurisdicción una vez los peticionarios presentaron su recurso de *certiorari*. Además, arguyó que la moción de reconsideración es incompatible con el carácter sumario del procedimiento provisto por la Ley Núm. 2, supra, por lo que el foro intermedio carecía de jurisdicción para reconsiderar su dictamen.

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

II

A

La Ley Núm. 2, supra, provee un procedimiento sumario para la tramitación y adjudicación de pleitos laborales. Con su adopción, el legislador persiguió brindarle a los obreros y empleados un mecanismo procesal judicial capaz de lograr la rápida consideración y adjudicación de las querellas que éstos presenten en contra de sus patronos. Vizcarrondo Morales v. MVM, Inc., 174 DPR 921, 928 (2008); Rivera v. Insular Wire Products Corp., 140 DPR 912, 923 (1996). La naturaleza de este tipo de reclamación exige celeridad en su tramitación, pues de esta forma se adelanta la política pública de proteger al obrero y desalentar el despido injustificado. Izagas Santos v. Family Drug Center,

182 DPR 463, 480 (2011). Con el fin de adelantar su propósito, la Ley estableció:

> (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. Rivera v. Insular Wire Products Corp., supra, págs. 923-24.

A cincuenta y dos (52) años de su aprobación, la Asamblea Legislativa entendió necesario atemperar las disposiciones de esta Ley al esquema judicial vigente. Por consiguiente, aprobó la Ley Núm. 133-2014 y reiteró su intención de "extender el carácter sumario de la ley a la etapa apelativa para cumplir con el propósito rector de la misma, de proveer al obrero un remedio rápido y eficaz". Exposición de Motivos de la Ley Núm. 133-2014.

A pesar del claro mandato legislativo, la Ley Núm. 2, supra, guarda silencio sobre la posibilidad de presentar mociones de reconsideración, de nuevo juicio y de enmiendas o determinaciones de hechos iniciales o adicionales en pleitos tramitados al amparo de este procedimiento. Ante tal vacío, cobra relevancia la Sección 3 de la Ley, la cual dispone que las Reglas de Procedimiento Civil aplicarán en

todo aquello que no esté en conflicto con las disposiciones específicas del estatuto **o con el carácter sumario del procedimiento**. 32 LPRA sec. 3120.

B.

La Regla 19(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, exige la presentación de una transcripción, una exposición estipulada o una exposición narrativa de la prueba cuando los errores señalados por el apelante impugnen la suficiencia o la apreciación de la prueba efectuada por el foro apelado. En aras de fomentar la adjudicación más eficiente de las controversias, el inciso (B) de esta Regla requiere que el peticionario acredite, dentro de los diez (10) días siguientes a la presentación de la apelación, que el método de reproducción que utilizará propicia la más rápida dilucidación del caso. 4 LPRA Ap. XXII-B, R. 19(B).

Por su parte, la Regla 76, 4 LPRA Ap. XXII-B, dicta el procedimiento a seguir cuando el apelante opta por reproducir la prueba mediante una transcripción. En lo pertinente, la Regla establece que:

> Una parte en una apelación o en un recurso de *certiorari* ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones no más tarde de diez (10) días desde que se presentó el escrito de apelación o se notificó la expedición del auto solicitado que se propone transcribir la prueba oral. En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable, y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa. En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia

cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los(las) testigos. 4 LPRA Ap. XXII-B, R. 76(A).

Una vez el foro intermedio autoriza la transcripción de la prueba, el apelante deberá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos dentro de los diez (10) días siguientes a la notificación de la orden del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 76(B).

A la luz de este marco jurídico, procedemos a resolver.

III

A.

Como cuestión de umbral, debemos determinar si el Tribunal de Apelaciones retuvo jurisdicción para reconsiderar su dictamen. Como mencionamos, en un procedimiento sumario al amparo de la Ley Núm. 2, supra, las Reglas de Procedimiento Civil, supra, aplicarán en todo aquello que no esté en conflicto con las disposiciones específicas del estatuto o con el carácter sumario del procedimiento.

La moción de reconsideración es la herramienta provista por nuestro ordenamiento jurídico para que una parte adversamente afectada por una determinación judicial solicite al tribunal que considere nuevamente su decisión. Constructora Estelar v. Aut. Edif. Pub., 183 DPR 1, 24 (2011); Véase J. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., Pubs. JTS, 2011, T. IV, pág. 1366. La reconsideración persigue conceder al tribunal que dictó

la sentencia o resolución la oportunidad de rectificar cualquier error en el que hubiese incurrido. Mun. Rincón v. Velázquez Muñiz, 192 DPR 989, 996 (2015); J. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 2010, pág. 271.

De ordinario, nuestro ordenamiento jurídico favorece la utilización de este recurso, pues le brinda al foro sentenciador la oportunidad de corregir sus errores, evitando así que las partes incurran en los gastos que conlleva la presentación de un recurso apelativo. R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, 5ta ed., Pubs. LexisNexis de Puerto Rico, Inc., 2010, pág. 395. Ahora bien, la moción de reconsideración tiene el potencial de dilatar la adjudicación del pleito, pues interrumpe el término para acudir ante el foro revisor hasta que se archive en autos copia de la notificación de la resolución resolviendo la moción. Véase Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47; Lagares v. E.L.A., 144 DPR 601, 609 (1997).

Como mencionamos, la Asamblea Legislativa promulgó la Ley Núm. 2, supra, con la intención de proveer a los empleados un mecanismo procesal capaz de alcanzar la rápida consideración y adjudicación de las querellas que éstos presenten en contra de sus patronos. Vizcarrondo Morales v. MVM, Inc., supra; Rivera v. Insular Wire Products Corp., supra.

Con ello en mente, en Medina Nazario v. McNeil Healthcare LLC, supra, resolvimos que la reconsideración

interlocutoria es incompatible con el procedimiento sumario laboral provisto por la Ley Núm. 2, supra. Enfatizamos que permitir la reconsideración de este tipo de resolución daría paso a la anomalía de proveerle a los litigantes un término mayor para solicitar reconsideración que el provisto para la revisión de determinaciones finales por el estatuto. Íd., pág. 7.

La Regla 47 de Procedimiento Civil, supra, concede un término jurisdiccional de quince (15) días para solicitar la reconsideración de sentencias finales, mientras que la Sección 9 de la Ley Núm. 2, 32 LPRA sec. 3127, provee términos jurisdiccionales de diez (10) y veinte (20) días para acudir ante el Tribunal de Apelaciones y ante este Tribunal, respectivamente. Aunque el término provisto para recurrir ante este Tribunal es cinco (5) días mayor al término provisto para la presentación de una moción de reconsideración, el mismo raciocinio de Medina Nazario v. McNeil Healthcare LLC, supra, aplica a estas situaciones pues lo que se persigue es evitar una dilación en la solución de la controversia. Cabe recordar que las enmiendas recientes al estatuto reflejan la intención del legislador de extender el carácter sumario de la ley a la etapa apelativa. Véase Exposición de Motivos de la Ley Núm. 133-2014. Por consiguiente, y en atención a los fines que persigue la ley y a la política pública que la inspira, concluimos que la moción de reconsideración es incompatible

con el procedimiento sumario laboral provisto por la Ley Núm. 2, supra.

En consecuencia, el Tribunal de Apelaciones carecía de jurisdicción para atender la moción de reconsideración presentada por los peticionarios.

B.

Debido a que los peticionarios presentaron su recurso de *certiorari* oportunamente ante este Tribunal,[12] nos corresponde determinar si el Tribunal de Apelaciones abusó de su discreción al dictar sentencia sin considerar la transcripción de la prueba presentada.

Como mencionamos, la Regla 19(A) del Reglamento del Tribunal de Apelaciones, supra, exige la reproducción de la prueba cuando los errores señalados se relacionen con la suficiencia de la prueba o con la apreciación errónea de ésta por parte del tribunal apelado. Ante esta situación, el apelante podrá elegir entre presentar una transcripción, una exposición estipulada o una exposición narrativa.[13] Íd. Ahora bien, cuando opte por reproducir la prueba mediante una transcripción, deberá cumplir con el procedimiento dispuesto en la Regla 76, supra.

Ambas Reglas requieren que el apelante acredite, dentro de los diez (10) días siguientes a la presentación de la apelación, que el método de reproducción que utilizará promueve la más rápida dilucidación del caso. 4 LPRA

---

[12] Es decir, dentro del término de veinte (20) días desde notificada la sentencia del Tribunal de Apelaciones.
[13] No obstante, el tribunal tiene discreción para rechazar el método propuesto por el apelante y elegir el que propicie la más rápida dilucidación del pleito. 4 LPRA Ap. XXII-B, R. 19(B).

Ap. XXII-B, R. 19(B) y 76(A). Este término es de cumplimiento estricto por lo que puede ser prorrogado por justa causa. Véase Rojas v. Axtmayer Ent., Inc., 150 DPR 560, 564 (2000).

La acreditación de justa causa requiere la presentación de explicaciones concretas y particulares, debidamente evidenciadas, que permitan al tribunal concluir que existió una excusa razonable para el incumplimiento. Soto Pino v. Uno Radio Group, 189 DPR 84, 93 (2013). Cabe recordar que el Reglamento del Tribunal de Apelaciones, supra, se adoptó con el propósito de proveer un acceso fácil, económico y efectivo al foro apelativo, por lo que los recursos ante su consideración no deben ser desestimados por defectos de forma o de notificación que no afecten los derechos de las partes. 4 LPRA AP. XXII-B, R.2; García Morales v. Mercado Rosario, 190 DPR 632, 638-639 (2014); véase también M-Care Compounding v. Departo. Salud, 186 DPR 159, 170 (2012).

Según surge del expediente, los peticionarios presentaron su recurso de apelación el 13 de octubre de 2015. Al día siguiente, enviaron por correo su solicitud de autorización para presentar la transcripción de la prueba. Ésta no llegó a su destino pues el correo calculó erróneamente el franqueo de la correspondencia. Específicamente, los peticionarios explicaron que fue un empleado del servicio postal quien pesó y franqueó la correspondencia antes de remitirla. Este error no es, ni puede ser, imputable a los peticionarios. A pesar de la

dilación que dicho error provocó, los peticionarios presentaron su moción solicitando autorización para presentar la transcripción de la prueba tan solo **un día** después de que venciera el término reglamentario.[14] Evaluado el expediente, resolvemos que los peticionarios tuvieron justa causa para incumplir con el término reglamentario. En consecuencia, y en atención a que el incumplimiento no afectó los derechos del recurrido, resolvemos que el Tribunal de Apelaciones abusó de su discreción al dictar sentencia sin considerar la transcripción de la prueba presentada.

IV

Por los fundamentos antes expuestos, se expide el auto de *certiorari*, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para que continúen los procedimientos conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[14] En específico, el término provisto vencía el viernes 23 de octubre de 2015 y los peticionarios presentaron su moción el lunes 26 de octubre.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis Patiño Chirino

    Recurrido

       v.

                              CC-2015-1049

Villa Antonio Beach Resort, Inc. h/n/c Villa Antonio o Parador Villa Antonio, Héctor Ruiz

    Peticionarios

SENTENCIA

En San Juan, Puerto Rico, a 16 de septiembre de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se expide el auto de *certiorari*, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para que continúen los procedimientos conforme a lo aquí resuelto.

Así lo pronunció y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco no intervinieron.

                      Juan Ernesto Dávila Rivera
                Secretario del Tribunal Supremo