ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **RAMÓN A. CARBÓ SANTANA**<br><br>Apelado<br><br>v.<br><br>**SN TRANSPORT, INC.**<br><br>Apelante | KLAN202400830 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Civil Núm.: **CB2022CV00119**<br><br>Sobre: Procedimiento Sumario Bajo la Ley 2 del 17 de octubre de 1961. Despido Injustificado, Licencia por Vacaciones y Represalias |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2024.

Comparece ante nos, mediante escrito de *Apelación*, SN Transport, Inc. (SN Transport o Querellado) y nos solicita que revoquemos la *Sentencia Parcial* emitida el 7 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI).[1] Mediante la *Sentencia Parcial*, el TPI declaró Ha Lugar a la *Demanda*[2] presentada por el señor Ramón A. Carbó Santana (Sr. Carbó Santana o Apelado), sobre despido injustificado, represalias y licencia de vacaciones al amparo del procedimiento sumario que provee la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2).

---

[1] Apéndice de *Apelación*, Anejo XXXII, págs. 108-115. Notificada y archivada en autos el 7 de agosto de 2024.
[2] *Íd.*, Anejo I, págs. 1-16.

Por las razones que discutiremos a continuación, desestimamos la *Apelación* presentada por el incumplimiento con la Sección 9 de la Ley Núm. 2.

**I.**

El caso de autos se originó el 8 de marzo de 2022, luego de que el Sr. Carbó Santana presentase una *Demanda* ante el TPI por despido injustificado y licencia de vacaciones y represalias por una comunicación que hizo a un foro administrativo, mediante el procedimiento sumario que provee la Ley Núm. 2.[3] Según alegó en la *Demanda*, el 26 de noviembre de 2015, el Sr. Carbó Santana fue contratado como empleado a tiempo completo y sin tiempo determinado por SN Transport.[4] Sus funciones de empleo correspondían en ser chofer o transportista para darle servicios primordialmente al United States Postal Service (USPS), conforme a un contrato de servicio suscrito entre SN Transport y la referida agencia federal.[5] Además, alegó que tenía el deber de asegurarse de que el camión que conducía, propiedad de SN Transport, cumpliera con todas las medidas de salud y seguridad.[6]

Según surge de la *Demanda*, en varias ocasiones el Sr. Carbó Santana notificó a SN Transport sobre desperfectos en el camión que conducía consistentes, según el Apelado, en que el vehículo emanaba unos gases tóxicos que hacían insegura su operación y perjudicaban su salud.[7] No obstante, alegó que la gerencia de SN Transport hizo caso omiso a sus señalamientos. Ante esto, el Sr. Carbó Santana le informó a USPS sobre los problemas con el vehículo.[8] A base de la información referida, el USPS realizó una investigación, en la que confirmó el problema de escape de gas que

---

[3] *Íd.*
[4] *Íd.*, pág. 1.
[5] *Íd.*
[6] *Íd.*, pág. 2.
[7] *Íd.*
[8] *Íd.*

tenía el vehículo, y procedió a amonestar a SN Transport el 10 de enero de 2021, mediante la forma PS 5500.[9]

Como consecuencia de la amonestación, el 10 de marzo de 2021, SN Transport le envió una carta al Sr. Carbó Santana, en la que determinó despedirlo de su empleo inmediatamente.[10] Como justificación para el despido, señaló que al notificar al USPS sobre los desperfectos del vehículo, el Sr. Carbó Santana violentó los artículos 2, 7, 17 y 23 del reglamento laboral de la empresa y los artículos J y E del manual de empleados.[11] Dichos artículos estaban relacionados con falta de lealtad e insubordinación.

El 24 de marzo de 2022, la parte querellada presentó una *Contestación a Demanda*,[12] una *Moción de Desestimación por Duplicidad de Procedimientos*,[13] y una *Moción Solicitando se Tramite la Reclamación por el Procedimiento Ordinario*[14] a las que el TPI declaró No Ha Lugar.[15]

Tras varios trámites procesales, incluyendo la anotación de rebeldía de la parte querellada tras su incomparecencia a los procedimientos,[16] el 7 de agosto de 2024, el TPI dictó la *Sentencia Parcial* de la cual se recurre.[17] Mediante la misma, el TPI declaró Ha Lugar a la *Demanda*, concluyendo que:

> En el desempeño de sus funciones, el Sr. Carbó tuvo conocimiento y notificó en numerosas ocasiones a la Querellada sobre desperfectos en el camión que utilizaba en su ruta que a su entender hacían insegura su operación y un peligro para su salud, porque emanaban gases tóxicos. En una ocasión, el Sr. Carbó se vio obligado a informar a un empleado de USPS sobre esta situación. Como resultado, el USPS emitió una amonestación contra SN Transport con una forma PS5500. La Querellada recibió esta comunicación con fecha del 10 de enero de 2021.

---

[9] *Íd.*
[10] *Íd.*, págs. 5-6.
[11] *Íd.*, pág. 6.
[12] *Íd.*, Anejo II, págs. 17-27.
[13] *Íd.*, Anejo IV, págs. 32-37.
[14] *Íd.*, Anejo III, págs. 28-31.
[15] *Íd.*, Anejos IX y X, págs. 47-48. (Ambas órdenes notificadas el 6 de abril de 2022).
[16] *Íd.*, Anejo XXX, pág. 65.
[17] *Íd.*, Anejo XXXII, págs. 108-115.

El 10 de marzo de 2021, la Querellada despidió al Sr. Carbó. La razón que SN Transport despidió al Sr. Carbó fue por haber hecho la denuncia en el USPS y por la amonestación que recibió mediante la forma PS5500. Luego del despido, la Querellada no liquidó lo adeudado por concepto de vacaciones. El Sr. Carbó sufrió daños económicos y angustias mentales como resultado del despido y las represalias.[18]

Inconforme con dicha determinación, el 16 de agosto de 2024, SN Transport presentó una *Urgente Moción de Reconsideración, de Relevo de Sentencia Parcial y de Remedio* (*Moción de Reconsideración*),[19] en la que solicitó la reconsideración de la *Sentencia Parcial* y que se dejase sin efecto la misma. El 26 de agosto de 2024, el TPI declaró No Ha Lugar a la misma.

Así las cosas, el 9 de septiembre de 2024, SN Transport presentó el recurso de *Apelación* ante nuestra consideración. El 16 de septiembre de 2024, el Sr. Carbó Santana presentó una *Moción de Desestimación* en la que solicitó la desestimación del caso por falta de jurisdicción, al amparo de la Regla 83(B) del Tribunal de Apelaciones, *supra*, R. 83(B).

Con el beneficio de la comparecencia de la parte querellada, procedemos a discutir el derecho aplicable.

**II.**

**A.**

Jurisdicción es "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". *Gearheart v. Haskell Burress*, 87 DPR 57, 61 (1963). En Puerto Rico, "jurisdicción significa la potestad de aplicar las leyes en asuntos civiles y criminales, declarando, juzgando y haciendo ejecutar lo juzgado". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6ª ed. rev., San Juan, LexisNexis de Puerto Rico, Inc., pág. 33. Nuestros tribunales de justicia son foros de jurisdicción general, lo

---

[18] *Íd*., pág. 113.
[19] *Íd*., XXXVI, págs. 124-129.

que significa que pueden atender todo tipo de controversia, salvo que carezcan de jurisdicción sobre la materia. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023).

Tan importante es la jurisdicción que su falta es mortal para cualquier reclamo ante los tribunales de justicia. Los tribunales tenemos un deber de examinar nuestra jurisdicción, incluso cuando la falta de jurisdicción no haya sido planteada por ninguna de las partes. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). La Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, permite que el Tribunal de Apelaciones, a iniciativa propia, desestime un recurso de apelación por carecer de jurisdicción.

Una manera que el Estado limita la jurisdicción de los tribunales es mediante los requisitos de cumplimiento con términos. Términos son plazos concedidos por ley para realizar determinados actos procesales. R. Hernández Colón, *op. cit.*, pág. 230. Entre los términos contemplados por la ley existen los términos jurisdiccionales. "[L]os términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término [...]". *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2018).

A tenor con lo anterior, el término jurisdiccional para apelar ante el Tribunal de Apelaciones de los dictámenes del Tribunal de Primera Instancia emitidos bajo la Ley Núm. 2, *supra*, son diez (10) días. Dicho término comienza a transcurrir a partir de la notificación de la sentencia recurrida. *León Torres v. Rivera Lebrón,* 204 DPR 20, 32 (2020). En específico, la Sección 9 del citado estatuto dispone:

> Cualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, **en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia** [...].
>
> Ley Núm. 2*, supra,* Sección 9.

**B.**

Por lo general, una parte adversamente afectada por una sentencia, orden o resolución puede solicitarle al tribunal que reconsidere su determinación. "La moción de reconsideración es un mecanismo dirigido a viabilizar el que una parte adversamente afecta, le puede peticionar al tribunal que modifique su decisión". J.A. Echevarría Vargas, *op. cit.*, pág. 387; *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439 (2016). Esta le permite al tribunal rectificar cualquier tipo de error que haya cometido en su determinación original.

La presentación oportuna y conforme a derecho de una Moción de Reconsideración tiene el efecto de interrumpir el término para apelar un caso ante un foro apelativo. Según la Regla 47 de Procedimiento Civil, *supra,* una Moción de Reconsideración debe ser presentada dentro del término de quince (15) días a partir de la notificación de la orden, resolución o sentencia. Ahora bien, el efecto interruptor de una Moción de Reconsideración solamente procederá si la misma fue presentada oportunamente y conforme al derecho. Dicho en la negativa, la Moción de Reconsideración no tendrá un efecto interruptor si la misma se presenta en contra del Derecho vigente.

**C.**

En un pleito ordinario, la parte adversamente afectada por una determinación podrá optar por cualquier recurso revisor que contemplan las Reglas de Procedimiento Civil. No obstante, en los procedimientos especiales, los intereses detrás de los mismos podrán sobreponerse sobre las reglas procesales. En este sentido, la Asamblea Legislativa aprobó la Ley Núm. 2, *supra,* a los fines de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos. El Tribunal Supremo ha resuelto que "la esencia del trámite sumario

creado por la Ley Núm. 2 es proveer un mecanismo procesal judicial que logre la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones salariales y beneficios". *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996).

Cónsono con el carácter expedito de la referida Ley, *supra*, la Sección 3 dispone que "[e]n los casos que se tramiten con arreglo a esta ley, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley". *Íd.*, Sección 3. En reiteradas ocasiones, el Tribunal Supremo ha discutido la procedencia de la revisión de determinaciones dictadas en un procedimiento sumario al amparo de la Ley Núm. 2.

En *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999), el Tribunal resolvió que, por lo general, la parte que pretende apelar una determinación interlocutoria en un procedimiento al amparo de la Ley Núm. 2, mediante el recurso de *certiorari*, deberá esperar hasta que la sentencia sea final, utilizando el recurso de *apelación. Íd.*, págs. 496-497. Dicho límite no es absoluto, por lo que el Tribunal reconoció dos excepciones: (1) cuando el tribunal actuó sin jurisdicción; y, (2) en aquellos casos que los fines de la justicia lo requieran. *Íd.*, pág. 498. Por lo tanto, salvo las excepciones enumeradas, la revisión de una determinación interlocutoria en un procedimiento sumario deberá esperar hasta tanto el tribunal de instancia dicte una sentencia final.

Posteriormente, en *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016), el Tribunal tuvo la oportunidad de discutir la interacción entre la Regla 47 de Procedimiento Civil (Moción de Reconsideración) y la Ley Núm. 2. En aquella ocasión, aclaró que los términos para solicitar la revisión apelativa de determinaciones

interlocutorias en los procedimientos sumarios deben ser de diez (10) días para acudir al Tribunal de Apelaciones y veinte (20) días para el Tribunal Supremo. *Íd.*, pág. 736. Además, sostuvo que "**la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2**, [...] pues se daría la anomalía de proveer a las partes un término mayor para solicitar reconsideración que el provisto por la Ley Núm. 2, para la revisión de determinaciones finales". *Íd.* (Énfasis nuestro). En consecuencia, no procederá la reconsideración de una resolución interlocutoria al amparo de la Regla 47, *supra*, en un procedimiento sumario.

Finalmente, en *Patiño Chirino v. Parador Villa Antonio*, *supra*, el Tribunal resolvió, de manera definitiva, que "en atención a los fines que persigue la ley y a la política pública que la inspira, concluimos que **la moción de reconsideración es incompatible con el procedimiento sumario laboral provisto por la Ley Núm. 2**". *Íd.*, pág. 450. (Énfasis nuestro). Entiéndase por esta determinación que no procederá una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil en cualquier caso instado bajo el procedimiento sumario de la Ley Núm. 2, sin distinción de que provenga de una resolución interlocutoria o sentencia final. Dicha determinación fue fundamentada en el mismo racionamiento aplicado al caso de *Medina Nazario v. McNeil Healthcare LLC*, *supra*, "pues lo que se persigue es evitar una dilación en la solución de la controversia". *Patiño Chirino v. Parador Villa Antonio*, *supra*, pág. 449.

### III.

En el caso ante nuestra consideración, la parte apelada ha presentado una *Moción de Desestimación* al amparo de la Regla 83(B) de este Tribunal, *supra*, R. 83(B), por falta de jurisdicción. En la misma, argumentan que SN Transport presentó una *Moción de Reconsideración* en contravención a lo resuelto por el Tribunal

Supremo en *Patiño Chirino v. Parador Villa Antonio, supra.* Tras una revisión del tracto procesal del caso, concluimos que procede la desestimación de la *Apelación* presentada.

El 7 de agosto de 2024, el TPI dictó una *Sentencia Parcial* en el caso de autos. Dicho pleito fue instado al amparo del procedimiento sumario que provee la Ley Núm. 2, *supra.* Cónsono con la Sección 9 de la Ley Núm. 2, a partir de la notificación de la *Sentencia Parcial,* SN Transport tenía diez (10) días para acudir ante el Tribunal de Apelaciones mediante un recurso de *apelación.* Al 17 de agosto de 2024 ser un sábado, dicho término jurisdiccional vencía el lunes, 19 de agosto de 2024. No obstante, el 16 de agosto de 2024, SN Transport presentó una *Moción de Reconsideración.* La *Moción de Reconsideración* fue presentada contrario al Derecho vigente esbozado en *Patiño Chirino v. Parador Villa Antonio, supra,* que declara la incompatibilidad absoluta de una moción al amparo de la Regla 47 de Procedimiento Civil, *supra,* y la Ley Núm. 2, *supra.* Por lo tanto, al atender los méritos de la *Moción de Reconsideración,* el TPI actuó sin jurisdicción.

Es forzoso concluir que la *Moción de Reconsideración* no surtió ningún efecto interruptor sobre el término jurisdiccional para acudir en apelación. No fue hasta el 9 de septiembre de 2024 que SN Transport presentó el recurso de *Apelación* ante nuestra consideración, veintiún (21) días luego de haber transcurrido el término dispuesto por la Ley Núm. 2. En consecuencia, este Tribunal carece de jurisdicción para atender los méritos y procede la desestimación del recurso al amparo de la Regla 83(B) del Tribunal de Apelaciones, *supra,* R. 83(B).

**IV.**

Por los fundamentos discutidos, desestimamos la *Apelación* presentada por SN Transport, Inc.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones