ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **MARGARITA MARÍN APONTE**<br>QUERELLANTE(S)-PETICIONARIA(S)<br><br>V.<br><br>**FARMACIA AMIGA, INC.**<br>QUERELLADA(S)-RECURRIDA(S) | **TA2025AP00503** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm. **SJ2022CV08053** (505)<br><br>Sobre: Procedimiento Sumario bajo Ley Núm. 2 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 3 de diciembre de 2025.

Comparece ante este Tribunal de Apelaciones, la señora **MARGARITA MARÍN APONTE** (señora **MARÍN APONTE**) mediante *Escrito de Apelación* entablado el 31 de octubre de 2025. En su recurso, nos solicita que revisemos la *Sentencia Parcial* decretada el 29 de agosto de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] Mediante la aludida decisión, en lo pertinente, el foro apelado declaró ha lugar la *Moción de Desestimación Parcial Bajo la Regla 10.2 por Falta de Agotamiento de Remedios en Cuanto a la Causa de Acción Bajo la Ley 90-2020 y Solicitud de Paralización de Descubrimiento de Prueba* presentada el 10 de octubre de 2022 por **FARMACIA AMIGA, INC. (FARMACIA AMIGA)**. Dada la situación, desestimó la causa de acción sobre acoso laboral al amparo de la Ley Núm. 90-2020.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 2 de septiembre de 2025. Apéndice del *Escrito de Apelación*, entrada núm. 35 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 7 de septiembre de 2022, la señora **MARÍN APONTE** interpuso una *Querella* sobre despido injustificado, trato discriminatorio y ambiente hostil al amparo de la Ley Núm. 2 de 1961.[2] Al poco tiempo, el 14 de septiembre de 2022, la señora **MARÍN APONTE** presentó escrito intitulado *Al Expediente Judicial* en la cual informó haber efectuado el diligenciamiento del emplazamiento dirigido a **FARMACIA AMIGA**.[3]

Más tarde, el 4 de octubre de 2022, la señora **MARÍN APONTE** presentó *Moción Anotación de Rebeldía y Sentencia en Rebeldía*.[4] Expuso que había transcurrido en exceso el término de los quince (15) días y **FARMACIA AMIGA** no había presentado su contestación y/o alegación responsiva a la *Querella*. Ante ello, solicitó que se le anotara la rebeldía y se dictara Sentencia condenando al pago de la mesada; honorarios de abogado y la penalidad dispuesta por la *Ley del Bono de Navidad para Trabajadores y Empleados de la Empresa Privada*.[5]

En seguida, el 10 de octubre de 2022, **FARMACIA AMIGA** presentó su *Contestación a la Querella* conteniendo sus defensas afirmativas, y *Moción de Desestimación Parcial Bajo la Regla 10.2 por Falta de Agotamiento de Remedios en Cuanto a la Causa de Acción Bajo la Ley 90-2020 y Solicitud de Paralización de Descubrimiento de Prueba*.[6] En este, puntualizó que no surge de las alegaciones de la señora **MARÍN APONTE** que se haya presentado una solicitud de mediación ante el Negociado de Métodos Alternos para la Solución de Conflictos del Poder Judicial o planteamiento sobre su ambiente

---

[2] Apéndice del *Escrito de Apelación*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[3] *Íd.*, entrada núm. 5.
[4] *Íd.*, entrada núm.7.
[5] Conocida como la Ley Núm. 148 de 30 de junio de 1969, según enmendada.
[6] Apéndice del *Escrito de Apelación*, entradas núm. 8 y 9 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

de trabajo ante su patrono; por lo que, concluyó que no se había agotado el trámite de mediación requerido por ley.

Así las cosas, el 13 de octubre de 2022, el foro primario emitió *Orden* requiriéndole a la señora **MARÍN APONTE** fijar su posición dentro del término de veinte (20) días.[7] El 20 de octubre de 2022, la señora **MARÍN APONTE** presentó su *Oposición Moción a de Desestimación*.[8] Dilucidó que **FARMACIA AMIGA** "no ha producido evidencia si ha establecido y notificado adecuadamente el reglamento o protocolo adoptado por este y si el mismo esta de conformidad a las gu[í]as uniformes establecidas por el [D]epartamento del Trabajo y Recursos Humanos, la Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico". El 25 de octubre de 2022, **FARMACIA AMIGA** presentó una *Réplica a Oposición a Moción de Desestimación*.[9]

Posteriormente, el 9 de diciembre de 2022, se dictaminó *Orden* declarando no ha lugar a la solicitud de anotación de rebeldía ante el hecho de que los términos judiciales fueron extendidos, debido al paso del Huracán Fiona, ello en conformidad con 2022 TSPR 118.[10]

Después, el 20 de febrero de 2023, se determinó *Orden* concediendo un término de diez (10) días para mostrar causa por la cual no se debía desestimar parcialmente la *Querella* ello en cuanto a las alegaciones realizadas al amparo de la Ley 90-2020 toda vez que los hechos son anteriores a la aprobación del mencionado precepto.[11] El 22 de febrero de 2023, la señora **MARÍN APONTE** presentó *Moción en Cumplimiento de Orden*.[12] El 3 de marzo de 2023, **FARMACIA AMIGA** presentó su *Moción en Cumplimiento de Orden*.[13]

---

[7] Entrada núm. 10 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[8] Apéndice del *Escrito de Apelación*, entrada núm. 11 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[9] *Íd.*, entrada núm. 12.

[10] *Íd.*, entrada núm. 15.

[11] Apéndice del *Escrito de Apelación*, entrada núm. 16 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[12] *Íd.*, entrada núm. 17.

[13] *Íd.*, entrada núm. 18.

Tras varios trámites procesales, el 6 de agosto de 2024 y 30 de septiembre de 2024, la señora **MARÍN APONTE** presentó *Moción Sometiendo Solicitud Desestimación y Oposición*.[14]

Entonces, el 29 de agosto de 2025, se dispuso la *Sentencia Parcial* apelada. En desacuerdo, el 9 de septiembre de 2025, la señora **MARÍN APONTE** presentó su *Moción de Reconsideración*.[15] Manifestó que fue despedida el 13 de julio de 2020, previo a la vigencia de la Ley 90-2020 y la implementación de las Guías; las leyes son prospectivas; y **FARMACIA AMIGA** incumplió con su deber de difusión y asesoramiento de la mencionada Ley. Ese mismo día, se prescribió *Orden* concediendo veinte (20) días para replicar a **FARMACIA AMIGA**.[16] El 29 de septiembre de 2025, **FARMACIA AMIGA** presentó una *Moción en Cumplimiento de Orden y Oposición a Solicitud de Reconsideración*.[17] Adujo que la *Moción de Reconsideración* era improcedente en derecho por ser una causa de acción bajo la Ley Núm. 2-1961; y la *Sentencia Parcial* había advenido final y firme, así como constituye la ley del caso. El 30 de septiembre de 2025, se intimó la siguiente *Orden*: "Replíquese en el término de diez (10) días".[18] El 21 de octubre de 2025, mediante *Resolución Interlocutoria* se declaró no ha lugar a la *Moción de Reconsideración*.[19]

Insatisfecha con ese proceder, el 31 de octubre de 2025, la señora **MARÍN APONTE** recurrió ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró al Hon. TPI al aplicar las disposiciones de la Ley 90 del 2020 a pesar que el despido de la querellante fue anterior a la aprobación y puesto en vigor la referida Ley, por lo que la Ley para ser aplicada es la Ley Núm. 80 de 1976.

Por ende, el 10 de noviembre de 2025, **FARMACIA AMIGA** presentó *Moción de Desestimación por Falta de Jurisdicción*.

---

[14] Apéndice del *Escrito de Apelación*, entradas núm. 31 y 33 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[15] *Íd.*, entrada núm. 36.
[16] *Íd.*, entrada núm. 37.
[17] Apéndice del *Escrito de Apelación*, entrada núm. 38 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[18] *Íd.*, entrada núm. 39.
[19] *Íd.*, entrada núm. 46.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *PROCEDIMIENTO SUMARIO DE RELACIONES LABORALES*

La *Ley de Procedimiento Sumario de Reclamaciones Laborales*, conocida como la Ley Núm. 2 de 17 de octubre de 1961 (Ley Núm. 2-1961), fue promulgada como un mecanismo procesal, de naturaleza sumaria, cuyo objetivo es lograr la rápida consideración y adjudicación de las reclamaciones laborales por empleados en contra de sus patronos.[20] En esa dirección, sabido es que las reclamaciones laborales ameritan ser resueltas con celeridad de forma tal que se pueda implantar la política pública del Estado, de proteger los empleos, desalentar el despido sin justa causa y proveer al obrero que resulte despedido los medios económicos para su subsistencia mientras consigue un nuevo empleo.[21]

Es menester señalar que, con la finalidad de continuar promoviendo el carácter sumario de la Ley, la Asamblea Legislativa aprobó la Ley Núm. 133-2014 en la cual manifestó su intención de extender el carácter sumario del estatuto a la etapa apelativa para cumplir con el propósito rector de la misma, de proveer al obrero un remedio rápido y eficaz.[22] En armonía con lo antes expuesto, nuestro Máximo Foro ha resuelto que la revisión de resoluciones interlocutorias es contrario al carácter sumario que, precisamente, busca adelantar el procedimiento. En virtud de ello, los tribunales debemos autolimitar nuestra facultad al efecto.[23]

En este contexto, la parte que pretenda impugnar las resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el

---

[20] 32 LPRA § 3118. Véase también *Patino Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016).
[21] *Ruíz Camilo v. Trafon Group, Inc*., 200 DPR 254, 265 (2018).
[22] Véase Exposición de Motivos, Ley Núm. 133-2014. *Patino Chirino v. Parador Villa Antonio, supra*, págs. 446– 447.
[23] *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999).

recurso pertinente a base del alegado error cometido.[24] Asimismo, el Tribunal Supremo ha reconocido que lo anterior no sería absoluto, y, por tanto, cedería en aquellos casos en que alguna resolución **sea dictada sin jurisdicción** por el Tribunal de Primera Instancia o en los cuales los **fines de la justicia requieran la intervención** del foro apelativo.[25]

Esto es, de manera excepcional, los foros revisores deben mantener y ejercer su facultad revisora mediante *certiorari* en aquellas resoluciones interlocutorias dictadas en un procedimiento sumario (querellas laborales), en las siguientes instancias: **(1) cuando el tribunal primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia**.[26]

Por otro lado, en lo atinente, la Sección 9 de Ley Núm. 2-1961 instituye que: "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de **diez (10) días**, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia [...]"(énfasis nuestro).[27]

### - B - *Jurisdicción*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[28] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[29]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y

---

[24] *Íd*., pág. 497.

[25] *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021); *Medina Nazario v. McNeil Healthcare, supra*, pág. 730 (énfasis nuestro).

[26] *Díaz Santiago v. PUCPR et al., supra.*

[27] 32 LPRA § 3127.

[28] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).

[29] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

deben atenderse con prioridad.[30] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal carece de *jurisdicción,* solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia.[31]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[32]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[33] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[34]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[35]

---

[30] *Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 267- 268 (2018).*

[31] *FCPR v. ELA et al., supra*; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

[32] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank*, *supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101- 102 (2020).

[33] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[34] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[35] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 14- 17, 215 DPR ____ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción;*

- III -

En su escrito, la señora **MARÍN APONTE** sustancialmente puntea que el tribunal de instancia se equivocó al aplicar las disposiciones de la Ley Núm. 90-2020 a pesar de que su despido fue anterior a la aprobación de la legislación y su vigencia; por lo que, era aplicable la Ley Núm. 80-1976. Justifica su argumento en que: (i) su despido fue el día 13 de julio de 2020; (ii) a dicha fecha no se había aprobado la Ley Núm. 90-2020; (iii) la *Sentencia Parcial* es contradictoria; (iv) las leyes aplican de manera prospectiva a partir de su fecha de vigencia; (v) está protegida por la *Ley de Represalias contra el Empleado por Ofrecer Testimonio*, conocida como la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada; (vi) procede su causa de acción bajo el Artículo 1802 del Código Civil; y (vii) es improcedente e inconstitucional requerirle cumplir con las disposiciones de una ley que no había sido aprobada ni estaba en vigor a la fecha de su despido. Apuntala que el foro primario cometió un error al emitir su determinación contradictoria.

Por su parte, **FARMACIA AMIGA** sostiene que procede la desestimación del *Escrito de Apelación* dado que se carece de jurisdicción. Ello cimentado en que la señora **MARÍN APONTE** invocó y se acogió a un procedimiento sumario dispuesto por la Ley Núm. 2-1961 en el cual se instaura un plazo jurisdiccional de diez (10) días, a partir de la notificación de una sentencia, para acudir ante el Tribunal de Apelaciones.

En el caso de marras, la señora **MARÍN APONTE** ostentaba un lapso de diez (10) días, a partir de la notificación de la *Sentencia Parcial*, para comparecer ante este Tribunal de Apelaciones. Dicho fallo judicial fue notificado y archivado en autos el 2 de septiembre de 2025. Dado esto, debió encausar su *Escrito de Apelación* en o antes del día 12 de septiembre de 2025.

---

*(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico" y "(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente".*

Destacamos que, el 31 de octubre de 2025, compareció la señora **MARÍN APONTE** por medio de su *Escrito de Apelación* ante este foro. Por consiguiente, es evidente que la señora **MARÍN APONTE** se personó ante nos fuera del término *jurisdiccional* de diez (10) días asentado por la *Ley de Procedimiento Sumario de Reclamaciones Laborales*. Esta tardanza nos priva de *jurisdicción* para atender la(s) controversia(s) planteada(s). Dada esta situación, procede la *desestimación* del *Escrito de Apelación* promovido por la señora **MARÍN APONTE** debido a la falta de jurisdicción.

- **IV** -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B)(1) del Reglamento del Tribunal de Apelaciones, ***desestimamos*** por falta de *jurisdicción* el *Escrito de Apelación* incoado el 31 de octubre de 2025 por la señora **MARÍN APONTE**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones