| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL II | | |
|---|---|---|
| ELIZABETH BOTHWELL Apelante v. GARAGE ISLA VERDE LLC Apelado | KLAN202401068 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina Caso Núm.: CA2023CV02078 Sobre: Despido Injustificado Ley 80/ Ley 2, Discrimen por Género y Edad/ Ley 100, Represalias |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de diciembre de 2024.

Comparece Elizabeth Bothwell (en adelante, parte apelante) mediante un *Recurso de Apelación*, para solicitarnos la revisión de la *Sentencia*, emitida el 12 de noviembre de 2024, y notificada el 15 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI ).[1] Mediante la *Sentencia* apelada, el foro primario declaró *Ha Lugar* una solicitud de sentencia sumaria presentada por Garaje Isla Verde, LLC (en adelante, parte apelada) y, en consecuencia, desestimó con perjuicio la *Querella* instada por la parte apelante.

Por los fundamentos que expondremos, se *desestima* el recurso por falta de jurisdicción.

I

Surge del expediente ante nuestra consideración que la controversia que nos ocupa inició, el 5 de julio de 2023, cuando la

---

[1] Apéndice del recurso, a las págs. 344-373.

apelante presentó una *Querella* al amparo de la Ley de Procedimiento Sumario de Reclamaciones Labores (Ley Núm. 2),[2] en contra de la parte apelada, en la cual alegó despido injustificado, discrimen por género y por edad y represalias.[3]

Tras varias instancias procesales innecesarias pormenorizar, el 24 de mayo de 2024, la parte apelada instó una *Solicitud de Sentencia Sumaria*, la cual fue enmendada el 18 de julio de 2024. [4] En el escrito, peticionó que se desestimara la *Querella* presentada por la parte apelante. Adujo, en síntesis, que la apelante no tenía derecho a las protecciones y beneficios de la Ley sobre Despidos Injustificados[5] puesto a que fue despedida dentro del periodo probatorio. En reacción, el 6 de agosto de 2024, la parte apelante presentó oposición al petitorio de la parte apelada.[6]

Evaluadas las posturas de las partes, el 12 de noviembre de 2024, notificada el 15 de mismo mes y año, el foro primario emitió la *Sentencia* que no ocupa.[7] Mediante la misma, declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por la parte apelada y desestimó la acción del título.

Inconforme con el curso decisorio, el 2 de diciembre de 2024, la apelante acudió a esta Curia mediante una *Apelación,* en la cual esgrimió la comisión de tres (3) errores.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[8] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En

---

[2] Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*
[3] Apéndice del recurso, a las págs. 1-3.
[4] Apéndice del recurso, a las pags. 12-41.
[5] Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a *et seq.*
[6] *Íd.*, a las págs. 301-335.
[7] *Íd.*, a las págs. 344-373.
[8] 4 LPRA Ap. XXII-B, R.7 (B)(5).

consideración a lo anterior, eximimos a la parte apelada de presentar escrito en oposición a los mismos.

Establecido lo anterior, procederemos a exponer el derecho aplicable.

II

### A. Falta de jurisdicción

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[9] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[10] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[11] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[12] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[13] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[14] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[15] Es decir, una sentencia dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[16]

---

[9] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).

[10] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).

[11] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

[12] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

[13] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

[14] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

[15] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).

[16] *Montañez v. Policía de P.R.,* 150 DPR 917, 921-922 (2000).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[17] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

**B. Procedimiento Sumario bajo la Ley Núm. 2**

La Ley Núm. 2 provee un mecanismo procesal sumario para la rápida tramitación y adjudicación de las querellas de obreros y empleados presentadas contra sus patronos por servicios prestados, relacionadas a salarios, beneficios y derechos laborales.[18] De manera que el Tribunal Supremo ha dispuesto que el carácter sumario constituye la médula del aludido cuerpo normativo.[19] A esos efectos, las reclamaciones laborales presentadas al amparo de esta ley deben ser resueltas de forma diligente, conservando su carácter sumario, y de modo que se pueda implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa, y proveer al obrero despedido los medios económicos para su subsistencia, mientras consigue un nuevo empleo.[20]

Con el propósito de atemperar las disposiciones de la Ley Núm. 2 al esquema judicial vigente y extender su carácter sumario a la etapa apelativa, se aprobó la Ley Núm. 133-2014 (Ley Núm. 133).[21] A tenor, la Sección 9 de la Ley Núm. 2, enmendada dispone que: "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en

---

[17] 4 LPRA Ap. XXII-B, R. 83 (C).
[18] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 265 (2018); *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928 (2008); *Lucero v. San Juan Star,* 159 DPR 494, 504 (2003).
[19] *Bacardí Corp. v. Torres Aguayo,* 202 DPR 1014, 1019 (2019).
[20] *Ruiz Camilo v. Trafon Group, Inc.,* supra, a la pág. 446; *Aguayo Pomales v. R & G Mortg.,* 169 DPR 36, 43 (2006); *Lucero v. San Juan Star,* supra, a la pág. 504.
[21] Ley para enmendar las Secciones 1, 4, 9, 10 y 11; derogar las Secciones 6, 12 y 13, y reenumerar las Secciones 7, 8, 9, 10 y 11, como Secciones 6, 7, 8, 9 y 10 respectivamente, de la Ley Núm. 2, *supra; Patiño Chirino v. Parador Villa Antonio, supra,* 446-447.

el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia".[22] Así, pues, con esta enmienda se viabiliza el propósito rector de Ley Núm. 2 de proveer al obrero o empleado un remedio rápido y eficaz.[23]

III

De entrada, puntualizamos que, como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción como paso previo a entender en los méritos de un recurso apelativo. Ello, puesto a que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, puesto a que inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[24] Por consiguiente, cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos.[25] A tenor, y luego de haber examinado los autos ante nuestra consideración, disponemos que en este caso no tenemos jurisdicción.

Surge del expediente que la acción de título es una reclamación laboral la cual se presentó en virtud del procedimiento sumario estatuido en la Ley Núm. 2. El carácter sumario del presente caso fue reiterado por el representante legal de la apelante, el Licenciado Javier Cabezudo De León, en la Conferencia sobre el estado de los procedimientos celebrada el 8 de mayo de 2024, cuando solicitó al Tribunal que prohibiera la presentación de réplicas y dúplicas dado que el procedimiento por el cual se estaba conduciendo el caso era el sumario.[26] Abona a lo anterior que, del expediente judicial ante el TPI no se desprende que se hubiese

---

[22] Sec. 9 de la Ley Núm. 2, *supra,* 32 LPRA sec. 3127.
[23] Exposición de Motivos de la Ley Núm. 133, *supra.*
[24] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.*, supra, a la pág. 372.
[25] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[26] Véase, *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), a la Entrada 30.

variado el procedimiento sumario para ser convertido en uno sumario.

En vista del carácter sumario de la acción de título, y según lo expuesto en nuestra previa exposición doctrinal, la apelante tenía diez (10) días, computados desde que el foro primario emitió la sentencia que nos ocupa para acudir a este foro. Por consiguiente, dado a que la referida sentencia se notificó el 15 de noviembre de 2024, la apelante tenía hasta el 25 de noviembre de 2024, para presentar un recurso de apelación. Sim embargo, esta presentó su recurso el 2 de diciembre de 2024, es decir, al día quince (15) de haberse notificado la Sentencia. En otras palabras, la parte apelante radicó fuera del término que provee nuestro ordenamiento jurídico vigente. A esos efectos, nos es forzoso desestimar el presente caso puesto a que no tenemos jurisdicción para atenderlo.

IV

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones