Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| AHIRA M. LIZARDI BUONOMO, ZORAIDA ORTIZ DE JESÚS<br><br>Recurridas<br><br>v.<br><br>METRO CAGUAS INCORPORATED HNC METRO PAVÍA CAGUS<br><br>Peticionaria | KLCE202500166 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2024CV04103<br><br>Sobre: Despido Injustificado Procedimiento Sumario (Ley 2 de 1961) |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico a 24 de febrero de 2025.

El presente caso inició cuando, el 1 de noviembre de 2024, la señora Ahira M. Lizardi Buonomo y la señora Zoraida Ortiz De Jesús (en adelante, parte recurrida) instaron una *Querella* al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales (Ley Núm. 2),[1] contra Metro Caguas Incorporated, HNC Hospital Pavía Caguas, Metro Pavía Health System (en adelante, parte peticionaria).[2]

De ahí, el 22 de enero de 2025, la parte recurrida presentó una escrito mediante el cual acreditó haber emplazado personalmente a la parte peticionaria.[3]

Luego, el 4 de febrero de 2025, la parte recurrida presentó una *Solicitud de anotación de rebeldía* en la cual alegó que el término para que se presentara la contestación a la *Querella* había

---

[1] Ley Núm. 2 del 12 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*
[2] Apéndice del recurso, a las págs. 1-5.
[3] *Íd.*, a las págs. 6-8.

Número Identificador

SEN2025_____

decursado sin que la parte peticionaria hubiese presentado su contestación.[4] A tenor, solicitó que se le anotara la rebeldía.

En respuesta, el 4 de febrero de 2025, y notificada al día siguiente, el foro de instancia notificó la *Orden* recurrida.[5] En ella, anotó la rebeldía a la parte peticionaria.

Conviene mencionar que de ahí, se suscitaron otras incidencias procesales, entre las cuales destacamos la presentación de los siguientes escritos: (i) una solicitud de desestimación por falta de jurisdicción, instada por la parte peticionaria;[6] (ii) una moción en la cual se solicitó que se levantara la rebeldía, instada por la parte peticionaria;[7] (iii) una moción para que se denegara la solicitud de desestimación, incoada por la parte recurrida;[8] (iv) dos escritos para solicitar la paralización de los procedimientos, incoadas por la parte peticionaria;[9] y (v) un segundo escrito en el cual se solicitó la desestimación por falta de jurisdicción y para que se levantara la anotación de rebeldía, presentado por la parte peticionaria.[10]

En respuesta, mediante *Orden* emitida el 12 de febrero de 2025, y notificada el 18 de febrero de 2025, el foro de instancia declaró "No ha lugar en este momento", la solicitud presentada por la parte peticionaria en torno a disponer si se concedería o no el levantamiento de la anotación de rebeldía.[11] Por otro lado, en la misma fecha, también emitió otras tres (3) órdenes en las cuales dispuso, respectivamente, conceder un término a la parte recurrida

---

[4] Apéndice del recurso, a la págs. 9-11.
[5] *Íd.*, a la pág. 13.
[6] *Íd.*, a las págs. 17-48. El escrito fue presentado el 11 de febrero de 2025.
[7] Apéndice del recurso, a las págs. 456-467. El escrito fue presentado el 11 de febrero de 2025.
[8] Apéndice del recurso, a las págs. 468-471. El escrito fue presentado el 11 de febrero de 2025.
[9] Apéndice del recurso, a las págs. 472-485. Ambos escritos fueron presentados el 11 de febrero de 2025.
[10] Apéndice del recurso, a las págs. 486-518. El escrito fue presentado el 12 de febrero de 2025.
[11] Apéndice de recurso, a la pág. 528.

para expresarse en torno a las solicitudes de paralización, descalificación de abogado y desestimación.[12]

Así las cosas, el 18 de febrero de 2025, la parte peticionaria compareció ante nos mediante un recurso de *Certiorari* en el cual solicitó la revisión de la *Orden* emitida el 4 de febrero de 2025, y notificada el 5 de febrero de 2025, mediante la cual se anotó la rebeldía a la parte recurrida. En sus cuatro señalamientos de error mostró su inconformidad con el curso decisorio del foro recurrido tras haberle anotado la rebeldía.

Sabido es que, como cuestión de umbral, este foro intermedio debe auscultar su propia jurisdicción para entender en este caso. Ello, puesto a que las cuestiones relacionadas a la jurisdicción inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[13] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[14]

La Ley Núm. 2 provee un mecanismo procesal sumario para la rápida tramitación y adjudicación de las querellas de obreros y empleados presentadas contra sus patronos por servicios prestados, relacionadas a salarios, beneficios y derechos laborales. El carácter sumario constituye la médula de la Ley Núm. 2.[15] Es por ello, que, para cumplir con su propósito rector, de proveer al obrero o empleado un remedio rápido y eficaz,[16] la Sección 9 de la Ley Núm. 2 dispone que "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días,

---

[12] Apéndice de recurso, a la págs. 529-531.
[13] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[14] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[15] *Bacardí Corp. v. Torres Aguayo,* 202 DPR 1014, 1019 (2019).
[16] *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 446-447 (2016).

computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.[17] A esos efectos, nuestro Tribunal Supremo estableció que la revisión de resoluciones interlocutorias desvirtúa el carácter sumario del procedimiento.[18] Por consiguiente, la parte que pretenda impugnar una resolución interlocutoria deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente, a base del alegado error cometido.[19]

No obstante, lo anterior, el Alto Foro reconoció que esta norma no sería absoluta y cedería en aquellos casos en los cuales la resolución sea dictada sin jurisdicción por el tribunal de instancia, o en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo.[20] A esos efectos, y a modo excepcional, los tribunales apelativos deben ejercer su facultad para revisar, mediante *certiorari,* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario conforme a la Ley Núm. 2, en las siguientes circunstancias: (i) cuando el foro primario haya actuado sin jurisdicción; (ii) en situaciones en las que la revisión inmediata dispone del caso por completo, o (iii) cuando la revisión tenga el efecto de evitar una grave injusticia.[21]

Es claro de los autos ante nuestra consideración que la acción del título fue instada en virtud de la Ley Núm. 2, y que el tribunal *a quo* en ninguna de las órdenes emitidas ha convertido el pleito en uno ordinario. Por otra parte, luego de revisar minuciosamente el expediente, coincidimos que, en este caso, no se encuentran presentes ninguna de las circunstancias que nos conceden a modo excepcional facultad para atender una cuestión interlocutoria en un

---

[17] Ley Núm. 2, *supra*, Sec. 9, 32 LPRA sec. 3127.
[18] *Dávila Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999).
[19] *Íd.,* a la pág. 497.
[20] *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021); *Dávila Rivera v. Antilles; Shipping, Inc.*, supra, a las págs. 497-498.
[21] *Díaz Santiago v. PUCPR et al.*, supra, a la pág. 349; *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 733 (2016); *Ortiz v. Holsum,* 190 DPR 511, 517 (2014); *Dávila Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 498.

caso instado al amparo de la Ley Núm. 2. Cabe resaltar que, aunque la parte peticionaria arguye en su recurso que el foro primario no tiene jurisdicción sobre su persona, ni sobre la materia de este caso, es de ver que dicho asunto se encuentra *sub judice* ante tribunal de instancia. Por consiguiente, este planteamiento no puede ser un subterfugio para que ignoremos la norma de abstención que se le ha impuesto a este foro en los pleitos tramitados mediante la vía sumaria. Por lo antes expuesto, se *desestima* el presente recurso por falta de jurisdicción.

Ahora bien, nuestra determinación no impide que, una vez dictada la sentencia final en este caso, la parte que así lo requiera acuda nuevamente ante este foro apelativo.

En consideración a lo resuelto, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos. Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[22] la cual faculta a este Tribunal de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] 4 LPRA Ap. XXII-B, R.7 (B)(5).